## LATHROP *v.* MIDDLETON.

A FERRYBOAT used for the transportation of passengers, teams, etc., across a stream is not exempt from execution because the ferry is on the mail route, and the boat is used also to convey the United States mail across the stream.

To levy on and sell such boat by virtue of an execution is not an obstruction to the passage of the mail within the meaning of the Act of Congress making it a penal offense to " knowingly and willfully obstruct or retard the passage of the mail or of any driver 'or carrier, or of any horse or carriage carrying the same."

APPEAL from the Fifteenth Judicial District, Butte County.

The plaintiff, at the time of the levy of the executions, was and had been for five years a regularly licensed ferryman, having a ferry across Feather River, near the town of Oroville, on the main traveled route from Oroville to Red Bluff.

*J. E. N. Lewis*, for Appellant.

*Smith & Rosenbaum*, for Respondent.

By Sec. 21, Wood's Digest, 462, a ferryman is bound to keep good and safe boats at all times, for the crossing of passengers, etc. By Sec. 20, same act, it is provided that all ferrymen shall carry, free of charge, all expresses and dispatches sent by military commanders 'in time of war or insurrection. Secs. 8 and 9 of Act of Congress of March 3d, 1825, imposes a heavy penalty on a ferryman who neglects to keep a proper ferry, or who refuses or neglects to transport the mails.

The fact that the boat was not actually in use at the time of levy can make no difference, as a ferryman is bound to keep on hand as many boats as are necessary (Wood's Dig. 562), and complaint clearly shows that said boat was absolutely necessary. To say that nothing is exempt from forced sale unless it is so by express statute, is not supported by the decisions. The money in the hands of the treasurer is not so exempt in an execution against the county ; yet this Court held, in *Gilman* v. *Contra Costa County* (8 Cal. 52), that such funds are not subject to levy.

By the Statutes of New York, professional, literary, and surgical instruments are not expressly exempt ; yet it was held in the *Robinson Case* (3 Abbott, 466) that such are not subject to levy. A wagon is nowhere exempt by the statute of that State ; yet it was held in *Eastman* v. *Coswell* (8 How. 75) that a one-horse wagon used by a physician in making his professional visits is not subject to levy, although the same Court had previously decided, in *Morse* v. *Keyes* (6 How. 18), that a lumber wagon is not exempt ; and the distinction is placed on the ground of public policy. In that case the Court says exemption laws are not only to operate in favor of the debtor, but also in favor of the public.

There is no express statute exempting a Judge's library in this State ; yet no one will contend that such a library would be liable to levy. If there is any such rule as exempting property from forced sale from public policy, this case at bar is certainly one of them. When property is of such a nature that an attachment of it would produce a sacrifice and great injury to the defendant, without benefiting the plaintiff, it is not subject to levy. (Drake on Attachment, Sec. 249.) Thus it was held in *Wallace* v. *Parker* (8 Vermont, 440) and in *Pelhallow* v. *Dwight* (7 Mass. 38), that corn in the field is not subject to levy on execution. So in *Worris* v. *Watson* (2 Foster, 364), it was held that a growing crop of grass cannot be attached.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to enjoin the defendant, the Sheriff of Butte County, from selling a ferryboat beloging to the plaintiff under an

execution against him, and to require him to release the levy thereon. It appears that the Sheriff, having two executions against the plaintiff, levied the same upon the ferryboat, which was at the time in an unfinished condition, and had never been used at the ferry. The plaintiff contends that the United States mail from Oroville to Shasta crosses the river at his ferry, and therefore his ferryboats are exempt from forced sale on execution. The statute of this State provides what property shall be exempt from sale on execution; but ferryboats, even on mail routes, are not included in the list. Nor is there any Act of Congress which exempts such property.

In *Parker* v. *Porter* (6 Louisiana, 169) a levy of an attachment was made on a steamboat used to carry the United States mails; but no mails were on the boat at the time, though they were brought on soon after, and it was held that the levy was valid, and was not an obstruction to the passage of the mail within the Act of Congress making it a penal offense to "knowingly and willfully obstruct or retard the passage of the mail, or of any driver or carrier, or of any horse or carriage carrying the same :" *held*, further, that this act must be strictly construed when under its provisions it is sought to protect property used in the transportation of the mails from the pursuit of creditors, in derogation of a right recognized by the laws of the State.

The property in this case was clearly liable to the levy, and the Court erred in enjoining the sale and ordering the defendant to release the levy.

The judgment is therefore reversed and the cause remanded.