[L. A. No. 355. Department Two.—September 10, 1898.]

RISDON IRON AND LOCOMOTIVE WORKS, Appellant, v. CITIZENS' TRACTION COMPANY OF SAN DIEGO, Respondent.

ATTACHMENT—DISCHARGE OF WRIT AS TO PARTICULAR PROPERTY—APPEAL.—An order discharging a writ of attachment in respect to particular property claimed not to be liable to seizure under the writ is, in effect, an order dissolving the attachment as to such property, and is appealable under section 963 of the Code of Civil Procedure.

ID.—EXEMPTION—FRANCHISE OF STREET RAILWAY COMPANY—PERSONAL PROPERTY.—The exemption from seizure under attachment or execution of the franchise of a street railway company does not extend to or include its personal property, consisting of cars, trucks, electrical goods and supplies, fire-proof safes, etc., though necessary to be used in the business of operating its line. Such property does not emanate mediately or immediately from the state, and has no character of a personal trust; and it is subject to attachment or execution in like manner as other property not exempt by statute.

APPEAL from an order of the Superior Court of San Diego County discharging an attachment as to certain property. J. W. Hughes, Judge.

The facts are stated in the opinion.

Withington & Carter, for Appellant.

Though there is authority to the contrary, the best reasoned cases show that exemption of the franchise of a *quasi* public corporation does not include its movable property, which may be taken under execution. (Freeman on Executions, 126 a; *Coe v. Columbia Ry. Co.,* 10 Ohio St. 372; 75 Am. Dec. 518; *Coe v. Peacock,* 14 Ohio St. 187; *Arthur v. Com. & R. Bank,* 9 Smedes & M. 394; 48 Am. Dec. 719; *Atlanta v. Grant,* 57 Ga. 340; *Lathrop v. Middleton,* 23 Cal. 257; *Humphreys v. Hopkins,* 81 Cal. 551; 15 Am. St. Rep. 76; Code Civ. Proc., sec. 688, 690.) An appeal under section 963 of the Code of Civil Procedure is not dependent on a motion under section 556. An order discharging a writ of attachment as to property seized under the writ is an order dissolving the writ as to such property. "Dissolution" and "discharge" are convertible terms. (*County of Monterey v. McKee,* 51 Cal. 255; *Winters v. Pearson,* 72 Cal. 553; Rapalje's Law Dictionary, tit. Dissolve.)

J. B. Mannix, for Respondent.

An order dissolving or discharging an attachment relates to the writ and not to the levy. (Code Civ. Proc., secs. 556, 558; 1 Am. & Eng. Ency. of Law, 931; 2 Freeman on Executions, sec. 271 a, p. 874.) The franchises and other property essential to the existence of a railway company cannot be seized under attachment or seized and sold on ordinary execution. (*Youngman v. Elmira etc. Ry. Co.,* 65 Pa. St. 278; *Foster v. Fowler,* 60 Pa. St. 27; *Plymouth R. R. Co. v. Colwell,* 39 Pa. St. 337; 80 Am. Dec. 526; *Gue v. Tide Water Canal Co.,* 24 How. 257; *Brady v. Johnson,* 75 Md. 445; *Gooch v. McGee,* 83 N. C. 59; 35 Am. Rep. 558; *Overton Bridge Co. v. Means,* 33 Neb. 857; *Louisville Water Co. v. Hamilton,* 81 Ky. 517; *Northern Pac. R. R. Co. v. Shimmell,* 6 Mont. 161; 8 Am. & Eng. Ency. of Law, 634 i; 2 Redfield on Railways, sec. 243, p. 592; 5 Thompson on Corporations, sec. 6837.) The rolling stock and other property necessary and proper for carrying on the business of the road are incident to the franchise, and cannot be levied upon and sold separate from the franchise. (2 Rorer on Railroads, 901, 902; Rorer on Judicial Sales, sec. 1322; *Phillips v. Winslow,* 18 B. Mon. 431; 68 Am. Dec. 729; *Covey v. Pittsburg etc. Ry. Co.,* 3 Phila. 180;

*Leedom v. Plymouth Ry. Co.,* 5 Watts & S. 265; *Titus v. Mabee,* 25 Ill. 257.)

BRITT, C.—Respondent is a street railroad corporation organized under the laws of this state, and on January 9, 1897, in virtue of certain franchises to it granted by the city of San Diego, it was engaged in operating a line of street railway in said city for the transportation of passengers, electricity being used as the motive power. This is an action by appellant, which is also a corporation, on a promissory note of respondent; on the day aforesaid appellant caused a writ of attachment, issued in the action, to be levied on certain cars, trucks, electric goods and supplies, fire-proof safes, et cetera, the property of respondent, then used and necessary to be used in and about the business of operating said line of street railway. Thereupon respondent moved the court to discharge the attachment on the ground (we state it generally) that, considering the nature of respondent's business as a carrier of passengers, and the uses of the attached property in that behalf, the same was not subject to attachment for respondent's debt. The court ordered that "said attachment be discharged in respect of said property." Plaintiff appealed from the order.

Respondent makes the point that no appeal lies from said order. Section 963 of the Code of Civil Procedure provides that an appeal may be taken from an order (among others mentioned) "dissolving or refusing to dissolve an attachment." It is argued that this applies only to orders made under section 556 of the code, which provides for discharging the writ of attachment where "the same was improperly or irregularly issued"; respondent claims that an order for the release of attached property on the ground that it is not liable to seizure under the writ is not an order dissolving the attachment. To us, however, it seems that as regards the property released the attachment is as effectually dissolved by such an order as if the writ were quashed. The provision of section 963, giving the right of appeal, is in terms directed to an order dissolving an attachment; the words "an attachment" in this connection are quite broad enough to include seizure and custody under the writ as well as the writ itself. Thus, it is common to say that final judgment for defendant has the effect to dissolve a prior attachment; an

expression which has no regard to any question whether the writ was properly or regularly issued. We think the order was appealable.

As to the merits of the order, in our opinion the quality of the exemption from execution which pertains, except when otherwise provided by statute, to the franchise of a corporation such as the respondent (*Gregory v. Blanchard*, 98 Cal. 311), does not extend also to property of the kind attached in this action, although it may be proper or even necessary to operations under the franchise. Such property does not emanate mediately or immediately from the state like the privileges embraced in a franchise; it has no character of personal trust as in the case of the franchise, and in our opinion it is subject to attachment or execution in like manner as other property not exempt by statute. (Code Civ. Proc., sec. 540, 688, 690; *Lathrop v. Middleton*, 23 Cal. 257; *Humphreys v. Hopkins*, 81 Cal. 551; 15 Am. St. Rep. 76; 1 Freeman on Executions, sec. 146 a; *Coe v. Railroad Co.*, 10 Ohio St. 372; 75 Am. Dec. 518; *State v. Rives*, 5 Ired. 297, 307.) There are respectable authorities which hold a different doctrine, but we are disposed to think they are not supported by the better reason. (See *Hart v. Burnett*, 15 Cal. 593.) Whether the rule of liability to attachment or execution should extend to sections of railway lines, or to parts of other similar aggregation of property susceptible of use only as a unit, need not be decided. The cars, trucks, iron safes, and other movables seized under the writ in this action are not such property. The order appealed from should be reversed.

Chipman, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

McFarland, J., Temple, J., Henshaw, J.