HEIRS OF JUAN BAUTISTA DRAGONI, Plaintiffs and Appellants, *v.* MARÍA DRAGONI Y DRAGONI, Defendant and Appellee.

No. 5238.    Argued March 3, 1930.—Decided March 21, 1930.

*José A. Poventud, Alberto S. Poventud* and *Francisco Parra,* for appellants. *Tous Soto & Zapater,* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

We are asked to dismiss this appeal on the ground that the order which is sought to be reviewed is not appealable.

The plaintiffs in the action herein obtained from the lower court an order for the attachment of certain property of the defendant to secure the effectiveness of any judgment that might be rendered. After the attachment was levied, the defendant moved for its discharge and offered to furnish any bond that the court might fix. The court by an order granted the motion and fixed the amount of the required bond. This is the order from which an appeal has been taken by the plaintiffs, who urge, in opposing the motion to dismiss the appeal filed by the appellee, that the appeal lies in accordance with subdivision 3 of section 295 of the Code of Civil Procedure, as the order appealed from operated to vacate the order of attachment previously entered.

The order sought to be reviewed did not vacate the order of attachment, since the effect of the former was only to permit the substitution of the attached property by an undertaking to answer for the value thereof. Because it would

not have the effect of vacating the order of attachment, the said substitution was ordered, for otherwise the property would become free from all liens without the furnishing of any bond, and this as a direct and necessary consequence of the setting aside of the order of attachment. The court has not vacated its order of attachment and the same stands. So much so, that the plaintiffs could secure thereunder the attachment of other property of the defendant in the event that the property previously attached, whose release on security has been ordered, should not be sufficient to secure the effectiveness of any judgment rendered.

Section 15 of the Act to secure the effectiveness of judgments provides that the payment or deposit by the defendant of the sums claimed from him, or a bond given by him to cover the claim, shall suspend the attachment ordered to secure said claim, or shall release an attachment already in force. In the case at bar the furnishing of a bond suspends the attachment levied but does not operate to vacate the order of attachment. An application such as the one made in this case, seeking to substitute a bond for the property attached, does not challenge the validity of the attachment, and the order allowing the substitution does not operate to vacate the original order of attachment, but leaves it in force. By reason of all this, the order appealed from does not fall within the provisions of subdivision 3 of section 295 of the Code of Civil Procedure, which allows an appeal from an order dissolving or refusing to dissolve an attachment, and hence such an order is not appealable.

The decisions cited by the appellants are not applicable to the case at bar. The case of *Paz* v. *Bonet,* 31 P.R.R. 64, is not applicable, because there the precise question of whether or not an order discharging an attachment is appealable was not decided and, undoubtedly due to the facts of the case, the court preferred to consider the appeal and to affirm the order dissolving the attachment without deciding the motion to dismiss which had been filed. The case of *Polanco* v. *Goffinet,*

26 P.R.R. 286, is not applicable, because in that case the attachment was vacated for failure to furnish security, and the case of *Avalo* v. *Porrata,* 19 P.R.R. 19, is not applicable for the same reason. The case of *Roig* v. *Landrau,* 29 P.R.R. 294, is likewise inapplicable, because it was also an appeal from an order setting aside a previous order of attachment and, therefore, vacating it. The cases of *Flag* v. *Puterbough,* 101 Cal. 583, and *Risdon etc. Works* v. *Citizen's etc. Co.,* 122 Cal. 94, are not applicable, either, because in those cases it was not sought to substitute a bond for the property attached but to vacate the attachments levied.

The appeal must be dismissed.