. STALLINGER, Respondent, *v.* GOSS, Appellant.
No. 8804.
Submitted March 24, 1948.   Decided May 13, 1948.
193 Pac. (2d) 810.

Mr. Earl C. Ammerman, of Livingston, and Mr. Floyd O. Small, of Helena, for appellant. Mr. Small argued the cause orally.

Messrs. Fitzgerald & Bodine, of Livingston, and Mr. Sherman W. Smith and Mr. Lloyd J. Skedd, both of Helena, for respondent. Mr. Skedd argued the cause orally.

THE HONORABLE WILLIAM R. TAYLOR, District Judge (sitting in place of MR. JUSTICE GIBSON, disqualified) delivered the opinion of the court.

Defendant appealed from an order of the district court of Park County, Montana, denying his motion to release or

vacate an attachment of a retail liquor license issued to him by the Montana liquor control board for the years 1947 and 1948. At the time of argument before this court, plaintiff moved to dismiss the appeal, on the ground that the order is not appealable, for the reason that the language of the statute was not used, in that the motion was to vacate or release the attachment, rather than to dissolve the attachment. There is no merit in plaintiff's contention. See Risdon Iron & Locomotive Works v. Citizens' Traction Co. of San Diego, 122 Cal. 94, 54 Pac. 529, 68 Am. St. Rep. 25.

Appellant contends that a retail liquor license is not personal property subject to attachment. This court has decided that the Montana liquor control board is an administrative body and that it cannot arbitrarily refuse to grant a retail liquor license to one who has suitable premises for carrying on such business and who has met all valid regulations of the board and all requirements of the law. See State ex rel. McCarten v. Corwin, Mont., 177 Pac. (2d) 189.

Chapter 84, section 8, Laws of 1937, permits the transfer of retail liquor licenses, with the consent of the Montana liquor control board; thus, a retail liquor dealer's license could be purchased by a qualified person at sheriff's sale, and such purchaser could insist that the license, so purchased, be transferred to him, subject to his meeting the requirements of law and the regulations of the state liquor control board.

Section 6672 of the Revised Codes of Montana 1935, defines personal property: "Every kind of property that is not real is personal." A retail liquor license is saleable and is personal property of value and subject to attachment.

The order denying defendant's motion to vacate, release or dissolve plaintiff's attachment, is affirmed.

Mr. Chief Justice Adair and Associate Justices Choate, Angstman and Metcalf concur.