STATE EX REL., JESTER ET AL., RESPONDENTS, *v.* PAIGE ET AL., APPELLANTS.

No. 8933.

Submitted November 9, 1949. Decided December 6, 1949.

213 Pac. (2d) 441.

Mr. Arnold H. Olsen, Attorney General, and Mr. Wesley W. Wertz, Special Assistant Attorney General, for appellant. Mr. Wertz argued orally.

Messrs. Ralph J. Anderson and Albert C. Angstman, both of Helena, for respondents. Mr. Anderson and Mr. Angstman argued orally.

Mr. J. F. Emigh, Butte, amicus curiae on petition for rehearing.

MR. CHIEF JUSTICE ADAIR:

Appeal from a judgment of the district court of Lewis and Clark county ordering that a peremptory writ of mandate issue "requiring" respondents, members of the Montana liquor control board, "to consent to and approve the transfer" to the relators Frank Jester and Jennie M. Jester for use on the premises leased by them at No. 200 North Rodney street, in Helena, Montana, certain beer and liquor licenses alleged to have been issued more than two years previously to the relator George R. Miller for use on certain premises located at No. 630 Helena Avenue in said city, and awarding judgment against the respondent board members for costs and attorney's fees in the sum of $500.00.

On April 22, 1949, on petition of relators an alternative writ issued to which respondents interposed a motion to quash and for dismissal of the petition. Upon the overruling of such motion respondents filed a joint answer to which relators inter-

posed a general demurrer. The district court sustained the demurrer and respondents elected to stand on their answer, whereupon the aforesaid judgment was entered against them, from which they appeal.

The answer consists of admissions, denials and eight separate defenses alleging, among others, these facts: On or after March 7, 1947, the effective dates of Chapters 225 and 226, Laws of 1947, the relator George R. Miller obtained a purported retail liquor license and a purported retail beer license, purporting to have been issued to him for carrying on such business on the premises described as the second floor of the Steamboat Building located at No. 630 Helena Avenue, in Helena, Montana. The relator Miller has never used or occupied the described premises for carrying on the business of selling liquor or beer at retail nor has he ever used or occupied such premises for any purpose whatever. Never at any time have the purported licenses been used by Miller or anyone in a going establishment for the sale of liquor or beer. On March 7, 1947, the limitations fixed by statute on the number of such licenses which could lawfully be issued under the provisions of Chapters 225 and 226, Laws of 1947, were already exceeded and no new beer or liquor license could be lawfully issued on and after said date for any premises located in Helena until and unless the number of such licenses in said city shall have been reduced to within the limitations prescribed by such enactments and such reduction has never occurred.

Relators' petition avers: The relators Frank Jester and Jennie M. Jester are and for more than five years have been citizens of Montana and residents of Helena. They now have and for approximately nine years past have had a license to sell beer at retail at the premises designated as 200 North Rodney street in Helena, wherein they have been and are conducting a beer tavern and restaurant business. The relators Jester have contracted to purchase from the relator Miller the liquor and beer licenses that "approximately two years ago" were issued to the relator Miller "for the sale of liquor and beer at retail at premises on

Helena Avenue in Helena, Montana" which "iicenses were thereafter duly renewed from time to time and are valid and in full force and effect." About April 8, 1949, relators Jester prepared and made out on forms prescribed by the Montana liquor control board, an application seeking the consent of such board for the transfer of said licenses from relator Miller to them "and from the premises on Helena Avenue in Helena, Montana, to 200 N. Rodney, Helena, Montana." Relators Jester further aver that although their premises at 200 North Rodney street conform to all the provisions of law and rules promulgated by the board and are not on the same street or avenue and within 600 feet of any building occupied exclusively as a church or other place of worship or school and are suitable for carrying on the business of selling liquor and beer at retail, the board has arbitrarily neglected and refused to consent to said transfer and will persist in such refusal unless compelled by court order to approve said transfer.

The prayer is that a writ issue "compelling the defendant Montana liquor control board to consent to the transfer of said licenses" and for judgment for costs, attorney's fees and "for such other and further relief as many are meet and proper."

To obtain the aid of a court by mandamus, the party applying for the writ must establish a clear legal right in himself to the relief prayed for and a violation of duty upon the part of the person or officer sought to be coerced. State ex rel. Grant v. Eaton, 114 Mont. 199, 204, 133 Pac. (2d) 588.

Mandamus will not lie to compel the issuance of a license unless the party seeking same show a clear legal right thereto and there must be a clear legal duty, not involving discretion, to issue the license enjoined by law on the respondent officer, board or officials. State ex rel. Sharp v. Cross, Mont., 211 Pac. (2d) 760.

Section 8, Chapter 84, Laws of 1937, provides: "Every license issued * * * is separate and distinct, and no person, except the licensee therein named, shall exercise any of the privileges granted thereunder, and *all* licenses are applicable *only* to

the premises in respect to which they are issued.'' (Emphasis supplied.)

The premises in respect to which Miller's purported licenses were issued are the premises located at No. 630 Helena Avenue. The licenses are applicable *only* to such described premises and none other. They were not issued with respect to Jester's premises at 200 North Rodney street and they are not nor can they lawfully be made applicable thereto. No right having been granted to Miller to carry on business at 200 North Rodney street under the licenses, he may not confer any such right upon the transferee of the licenses.

The law is plain that "*all* licenses are applicable *only* to the premises in respect to which they are issued,'' (sec. 8) and by that law *all* are bound whether they be members of the Montana liquor control board, licensees, transferees, judges or courts. Being bound by such enactment it is quite obvious that the members of the board had and have no authority to consent to a transfer of the licenses to the Jesters or any other person for use on the premises at No. 200 North Rodney Street or for the carrying on of business on any premises other than those at No. 630 Helena Avenue. ''The writ [mandamus] will not lie to an official to grant a permit or license for which there is no proper authority * * *.'' 55 C. J. S., Mandamus, sec. 156, pages 292, 293, note 6.

In State ex rel. McCarten v. Harris, 112 Mont. 344, 349, 115 Pac. (2d) 292, 295, this court said: ''Since the licenses are not transferable and are 'applicable only to the premises in respect to which they are issued' (section 8), it is clear that the possession of suitable premises is a qualification which the applicant must possess in order to be entitled to a license.'' This quotation we quoted with approval in the more recent case of State ex rel. McCarten v. Corwin, 119 Mont. 520, 177 Pac. (2d) 189, at page 195, wherein it was held that the Montana liquor control board, an administrative body, cannot *arbitrarily* refuse to issue a retail liquor license to one who has suitable premises and who

has met all *valid* regulations of the board and *all requirements of the law.*

Stallinger v. Goss, 121 Mont. 437, 193 Pac. (2d) 810, holds that a retail liquor license "is 'personal property' of value and subject to attachment" and this is all that it holds. While such license could be purchased by a qualified person at sheriff's sale, yet to be entitled to a transfer thereof or to use same as authority for carrying on the business of selling liquor, the purchaser must first meet and comply with *all* the requirements of law and the valid regulations of the board.

The purchaser's right to insist that the licenses so purchased be transferred to him is and always must be "subject to his meeting the requirements of law and the regulations of the state liquor control board." Since "*all* licenses are applicable *only* to the premises in respect to which they are issued" the law requires that the person so acquiring a license from another must also show that he has acquired the right to use, for the carrying on of the licensed business, *the premises* in respect to which the license issued. This requirement the relators Jester have not met. Instead they insist not only that the board consent to a transfer of the licenses from Miller to them, but that the board also consent that they be permitted to move the licenses from the premises at 630 Helena Avenue to the premises at 200 North Rodney street, and that the licenses then be deemed applicable to the latter premises. This the board may not lawfully do for it is contrary to the plain mandate of the statute and the announced public policy of the state.

In view of the state of the law as above outlined, it is clear that the district court erred in making the writ of mandamus permanent and in rendering judgment against appellants. Accordingly the judgment is reversed, and the cause remanded with directions to recall and discharge the writ and dismiss the proceedings.

ASSOCIATE JUSTICES ANGSTMAN, FREEBOURN, METCALF and BOTTOMLY, concur.

On Petition for Rehearing

PER CURIAM.

It is ordered that the petition for rehearing be denied.

ASSOCIATE JUSTICES ANGSTMAN and FREEBOURN dissenting:

On consideration of the motion for rehearing and the briefs in its support we have reached the conclusion that the opinion promulgated herein is erroneous in holding that a license may never be transferred from one place to another, and that in consequence we think the opinion should be rewritten or a rehearing had.

So far as material here the statute Section 4-410, R. C. M. 1947, provides: "Such license shall be signed by the licensee, shall be nontransferable except and only with the consent of the board * * *. Every license issued under the provisions of this act is separate and distinct, and no person except the licensee therein named, shall exercise any of the privileges granted thereunder, and all licenses are applicable only to the premises in respect to which they are issued."

Under the statute the license is cemented as firmly to the person as it is to the premises. We find no reasonable basis for holding that a transfer may be made from one person to another but not from one location to another. We think under the statute a transfer from one place to another may be made in a proper case the same as a transfer from one person to another. Hence, we think the reason assigned in the opinion for sustaining the action of the defendant board is not warranted under the law.

The board contends that there are several other reasons which justify its action in refusing to consent to the transfer in question.

Whether any of such grounds are sufficient, we express no opinion, as it would serve no useful purpose here.

Rehearing denied January 19, 1950.