STATE ex rel BOULDS, Petitioner, v. PAIGE, et al., Respondents.

No. 8989.

Submitted October 25, 1950. Decided November 15, 1950.

224 Pac. (2d) 141.

Messrs. Loble and Loble, Mr. Gene A. Picotte, and Mr. Sherman W. Smith, all of Helena, for appellant.

Mr. Arnold H. Olsen, Attorney General, Mr. Wesley W. Wertz, Special Assistant Attorney General, for respondent.

Mr. J. F. Emigh, Butte, amicus curiae.

MR. JUSTICE METCALF:

The appellant is a licensed operator of a retail liquor and beer

business in Plentywood, Montana, located in an establishment on lot 14 in block 17 of the townsite of Plentywood.

She applied for a transfer of her state retail liquor license to premises located on lot 11, block 17. These premises are three doors distant from her present licensed location on the same side of the street and on the same street in the city of Plentywood. The Montana liquor control board denied her application. A petition for a writ of mandate was filed and alternative writ of mandate was issued. A demurrer and motion to quash the alternative writ was sustained by the trial court, and judgment rendered dismissing the petition. The appeal is from the judgment of dismissal. The sole question is whether the state liquor control board acted within the power granted by statute in denying the appellant the permission to transfer the license to the new premises.

R. C. M. 1947, Sec. 4-410, provides: "* * * all licenses are applicable only to the premises in respect to which they are issued." In the case of State ex rel. Jester v. Paige, 123 Mont. 301, 213 Pac. (2d) 441, this court held that the Montana liquor control board could not lawfully authorize the transfer of a liquor control license from the premises for which it was issued to some other premises without violating the plain mandate of the statute and the announced public policy of the state. The trial court properly held that the Montana liquor control board conformed to the legislative directive in refusing to authorize the removal of the license from the premises for which it was granted to some other premises.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICE BOTTOMLY concur.

MR. JUSTICE ANGSTMAN:

Not having agreed with the court's opinion in State ex rel. Jester v. Paige, 123 Mont. 301, 213 Pac. (2d) 441, I subscribe

to the conclusion in the foregoing opinion solely on the ground of stare decisis.

MR. JUSTICE FREEBOURN, dissenting:

I disagree with the result reached.