316

320 P.2d 946

Danny KALASTRO, Petitioner,

v.

**SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF COCHISE, and W. C. Truman, a Judge thereof, Respondents.**

No. 6528.

Supreme Court of Arizona.

Feb. 5, 1958.

Udall & Udall, Tucson, for petitioner.

Moore, Vlahovich & Greenwood, Bisbee, for respondents.

WINDES, Justice.

Certiorari to the superior court of Cochise county on petition of Danny Kalastro. The record reflects that there was a Series 6 liquor license which had been processed through the office of the superintendent of liquor licenses in such manner that it stood in the name of petitioner as owner. Subsequently, the estate of one David Marks was probated in respondent court and decree of distribution issued, distributing to Sylvia Marks, the widow of decedent, a "Class 6, State of Arizona Liquor License". Thereafter, one Paul Wolfe applied for a person to person transfer of a Series 6 license from Sylvia Marks. Admittedly, this application was intended as a request to transfer the license recorded in petitioner's name. This transfer was made without notice to or consent of petitioner. After transfer, petitioner was

notified thereof and filed complaint consisting of two counts in the superior court against the superintendent of liquor licenses, Sylvia Marks and Paul Wolfe. The first count claimed ownership of the license and sought a declaratory judgment of the rights of the parties and an order directing the superintendent to issue the license to petitioner. The second count was designated an appeal from the action of the superintendent in making the transfer, alleging the same facts set forth in the first count and asking that the superintendent be required to reinstate the license which had been transferred. Defendant superintendent and Wolfe moved to dismiss the complaint on various grounds and moved to strike count one upon the ground that it was an attempt to join an initial complaint and an appeal. In ruling on these motions the court dismissed count one without prejudice to the petitioner to file a separate action thereon and denied the motion to dismiss count two. Subsequent to this ruling Wolfe sought and secured permission of the court to intervene. Trial was had on count two. At the close of petitioner's evidence Wolfe as intervenor moved that the appeal be dismissed upon the ground, among others, that petitioner was not a party aggrieved. This motion was taken under advisement and at the close of the entire case the court rendered the following judgment:

"It is hereby ordered, adjudged and decreed: That all relief prayed for by Plaintiff Danny Kalastro, be, and is hereby denied and the plaintiff's appeal from the decision of the defendant, the Superintendent of the Department of Liquor Licenses and Control of the State of Arizona be, and is hereby dismissed; the said defendant, the Superintendent, and Intervenor the said Paul Wolfe be awarded their costs in the premises."

It is clear that the effect of the foregoing judgment is to confirm the action of the superintendent in transferring the license from the petitioner to Wolfe. The question presented is whether the trial court exceeded its jurisdiction by the rendition of such a judgment.

In order for the court to render the judgment denying petitioner any relief and in effect affirming the action of the superintendent in transferring the license, such petitioner appearing to be the record owner and Wolfe claiming to be the actual owner, it was necessary for the court to adjudge the respective property rights of the parties in and to the license. We have recently held that neither the superintendent nor the court on an appeal from the action of the superintendent concerning the validity of a person to person transfer of a liquor license has any jurisdiction to determine the property rights therein. Siler v. Superior Court, 83 Ariz. 49, 316 P.2d 296.

While the record does not reflect the court's reason for dismissing the appeal

and denying petitioner relief, respondent argues that the court decided and had the jurisdiction to decide that the license issued to petitioner several years prior to the transfer to Wolfe was invalid and consequently petitioner was not a party aggrieved by the transfer. We cannot agree. When a third party seeks a transfer without the consent of the record owner and a dispute exists concerning the validity of the title of the record owner, there is no way to decide the matter without adjudging the property rights of the record owner. This the superintendent has no power to do. All the superintendent can do is to deny the transfer and leave the parties to seek their rights in a court of general jurisdiction. Likewise, the superior court on the appeal has no power to do anything except to adjudge the matter in such manner as will allow the parties to litigate their rights in a court of general jurisdiction.

Since neither the superintendent nor the court had the power or jurisdiction to decide that petitioner had no rights in the license, the judgment must be set aside with instructions to the trial court to render judgment denying the transfer. It is so ordered.

PHELPS and STRUCKMEYER, JJ., concur.

UDALL, C. J., and JOHNSON, J., did not participate in the determination of this matter.