366 P.2d 684

**Danny KALASTRO, Appellant,**

v.

**John A. DUNCAN, Superintendent Department of Liquor Licenses and Control of Arizona, Sylvia Marks and Paul Wolfe, Appellees.**

No. 6803.

Supreme Court of Arizona, En Banc.

Dec. 6, 1961.

Udall & Udall, Tucson, for appellant.

Wade Church, former Atty. Gen., Leslie C. Hardy, former Chief Asst. Atty. Gen., Robert W. Pickrell, present Atty. Gen., for appellee John A. Duncan.

Moore, Vlahovich & Greenwood, Bisbee, Evans, Kitchel & Jenckes, Phoenix, for appellee, Paul Wolfe.

WINDES, Justice (retired).

Action by Danny Kalastro against John A. Duncan, Superintendent Department of Liquor Licenses and Control, Sylvia Marks and Paul Wolfe, seeking to adjudicate plaintiff's ownership of a Series 6 Liquor license. There was a trial without a jury, judgment rendered against plaintiff, and he appeals.

There is virtually no dispute as to the controlling facts. The license was purchased by one Dewey Hogan and David Marks from one Balich in January 1947 and was issued in Hogan's name. Hogan sold his interest to Marks and at the latter's request the license was issued in the name of one Salas, who actually claimed no interest therein. At Marks' request Salas assigned it to Sam Bugen who ap-

plied for the transfer to himself, and the transfer was recommended by the Common Council of the City of Bisbee.

Marks passed away, the license was inventoried as a part of his estate and was finally distributed to his widow, Sylvia Marks. Before the transfer to Bugen was processed through Duncan's office Bugen was called for army duty. Before leaving he made an oral agreement with the claimant Kalastro that he was to operate under the license until the termination of Bugen's service and upon his return they would, as partners, purchase the license from Marks' estate.

On October 16, 1950 Mr. Wesley E. Polley wrote John A. Duncan, Superintendent of Liquor Licenses and Control, requesting that the Superintendent correct the records in his office by placing the name "Danny Kalastro" every place the name "Sam Bugen" appeared in connection with the number six liquor license at Duff's Tavern in Bisbee. On the 16th or 17th of October, 1950, Mrs. Katherine Klagge, the cashier in Duncan's office, at the request of said Superintendent, complied with Mr. Polley's request by making the changes in the aforementioned application of Sam Bugen dated March 13, 1950. Said changes included erasing the name of Sam C. Bugen on Line 1 of the application and typing of the words, "for Danny Kalastro" after the signature of Sam C. Bugen at the bottom of the application. The records of John A.

Duncan as Superintendent show that the fees for this application were paid March 15, 1950 by a check signed by David J. Marks.

On October 17, 1950 the Department of Liquor Licenses and Control transferred the license to Danny Kalastro. Early in the summer of 1951 Kalastro was having financial troubles and was employed by Paul Wolfe in the construction of a building of a beer tavern at Fry, Arizona. When the building was finished Wolfe employed Kalastro in this beer tavern, which was known as the K. W. Ranch House. At the request of Kalastro the Department of Liquor Licenses and Control authorized the removal of the Series 6 license to the K. W. Ranch House, and the Administrator of the Marks Estate was paid $100 per month for the use of this license. On January 16, 1954, Paul Wolfe applied for a person to person transfer of this Series 6 license to himself based on an assignment from Sylvia Marks, and on April 6, 1954 the Superintendent made the transfer to Paul Wolfe. Wolfe agreed to pay Sylvia Marks $10,000 for this license, of which he still owes $3,000. On July 6, 1958, just before the trial of this case, both Angel Salas and Sam C. Bugen made written assignments of this license to Paul Wolfe.

The trial court ruled (1) that the arrangements for Hogan and Salas to hold the license for Marks contravened the public policy of the State and was therefore

invalid, and that Marks acquired no license to sell to the defendant Wolfe; (2) that the plaintiff Kalastro did not make an application to Duncan for the license, as required by the statute, and that defendant Duncan was not acting within his jurisdiction when he issued the license to the plaintiff Kalastro who therefore acquired no right therein; and (3) that the license is the property of Salas subject to the action of the defendant Duncan on the assignments by Salas and Bugen to the defendant Wolfe.

This litigation is the result of our ruling in the case of Kalastro v. Superior Court, 83 Ariz. 316, 320 P.2d 946, wherein we held that the Superintendent had no power to determine the property rights in the license.

■ We have held that any agreement providing that one party may secure a liquor license and hold it for the benefit of an undisclosed party is invalid and unenforceable. Clark v. Tinnin, 81 Ariz. 259, 304 P.2d 947. The trial court was therefore correct in ruling that neither Marks nor his widow, Sylvia Marks, as distributee of his estate, acquired any interest in the license.

■■ For one to acquire a license he must make an application therefor to the Superintendent, and if it is for operation in a city or town the applicant must also file two copies of the application with the city or town clerk, one of which must be posted for twenty days, and thereafter the governing body of the city or town must either enter an order approving, disapproving, or submitting without recommendation, and the Superintendent shall consider the order together with other facts in his possession. A.R.S. § 4–201. In issuing the license to the plaintiff Kalastro none of the provisions of this statute were complied with. In lieu thereof the Superintendent, by erasures, converted the application that Bugen had filed into an application by Kalastro and on this basis issued the license to Kalastro. We cannot establish the precedent that the Superintendent has the power in this manner to ignore the basic procedure prescribed by the statute and legally issue a license. He has only such powers as are given by the statute, and any attempt to exceed his statutory powers is beyond his jurisdiction. We do not intend to attribute any evil motive on the part of the Superintendent. He thought that Bugen and Kalastro were partners and that such a procedure was within the spirit of the statute. In this he was mistaken. The trial court correctly held that the Superintendent exceeded his jurisdiction in issuing the license to the plaintiff.

■ There were several annual renewals of this license and the contention is made that this cured the illegality in the original issuance. With this we cannot agree. There was never any legal license as a basis for renewal.

██ The last license legally issued was in the name of Salas. He and Bugen both assigned to the defendant Wolfe. The lower court properly decreed that the license was the property of Salas subject to the action of defendant Duncan on the assignments from Salas and Bugen to the defendant Wolfe. The judgment is affirmed.

STRUCKMEYER, C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.

Note: Justice BERNSTEIN having disqualified, retired Justice DUDLEY W. WINDES was called to sit in his stead.