WILLIAM A. GASKILL AND MARTHA A. GASKILL, HUS-
BAND AND WIFE, PLAINTIFFS AND RESPONDENTS, v. JEAN
SEVEROVIC, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE
ESTATE OF MARCUS SEVEROVIC, DECEASED, CARSIE MITCHELL
AND CHRIS GRENZ, DEFENDANTS AND APPELLANTS.

No. 11217.
Submitted February 6, 1967. Decided April 21, 1967.
426 P.2d 582.

Tipp, Hoven & Brault, Raymond W. Brault (argued), Missoula, for appellants.

Denzil R. Young (argued), Baker, for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This appeal arose from a decree foreclosing a mortgage on a beer and liquor license and other personal property.

The complex and uncertain factual situation which surrounds this case developed from the practice followed by defendant, Chris Grenz (hereinafter called Grenz) in leasing his bar property known as the Powder River Club located at Broadus, Montana. From time to time Grenz would acquire a new tenant by executing a new lease and in some manner (not shown by the record) transferring the beer and liquor license from the former tenant to the new tenant taking a note secured by a mortgage on the license from the new tenant. Each lease contained the following or its equivalent: "* * * It is further understood and agreed that the beer and liquor license are to go with the above described property, and in the event this agreement is terminated, the party of the first part agrees to purchase from the parties of the second part the unused portion of the beer and liquor licenses and the cost of the stock on hand. * * *"

Jean and Marcus Severovic purchased the stock and business of the Powder River Club from the former lessees, Laura and Ellis Childers. Thereafter, the Severovics entered into a lease of the kind described above and took possession of the Powder

River Club. This lease, dated July 15, 1961, was never recorded.

No liquor licenses were offered as exhibits at the trial but several certified copies were filed with the clerk of the district court without objection. These licenses remain somewhat unexplained but will be considered as a part of the record. Transfers are shown to Marcus Severovic, the estate of Marcus Severovic and finally to Carsie Mitchell.

Grenz testified that a license was issued in the name of Marcus Severovic for use at the Powder River Club with Chris Grenz noted as Mortgagee. The licenses in the district court file confirm this testimony and add that the date of notation was October 23, 1962.

The record shows that Grenz took a note from Marcus Severovic for $5,000.00 secured by a chattel mortgage on the beer and liquor license and other personal property located at the Powder River Club. This mortgage was dated January 2, 1962, acknowledged August 7, 1962 and was never recorded with the Powder River County Recorder.

Grenz testified that in all of his transactions with his lessees he never intended to pass title to the beer and liquor licenses located at the Powder River Club but only intended to transfer the use of the license to allow his lessees to operate the premises as a bar.

Jean and Marcus Severovic borrowed $5,000.00 from the Gaskills in order to finance the purchase of the business and stock of the Powder River Club. Five hundred dollars was repaid and a note for $5,000.00 secured by a mortgage on the beer and liquor license and other personal property located at the Powder River Club was given by the Severovics to the Gaskills. This mortgage was acknowledged October 18, 1961, and filed with the Powder River County Recorder August 2, 1962. The note expressly acknowledged the Severovics' lease on the Powder River Club and the covenant that the license could not be moved.

Marcus Severovic died December 18, 1962, and Jean Severovic, wife of the deceased, was appointed administratrix of his estate. The beer and liquor license named in both the Grenz and Gaskill mortgages were included in the estate and during the course of the probate were ordered to be sold. Gaskills asserted in their brief that Jean Severovic assigned the license to defendant-appellant, Carsie Mitchell (hereinafter called Mitchell). Mitchell's answer and cross-complaint alleges that Marcus Severovic at one time had an interest in the license but since that time he has become the sole owner subject only to the mortgage of Chris Grenz. Mitchell does not allege the means by which the transfer to himself was effected.

The procedure followed in this case is fully as difficult to understand as the facts. The Gaskills filed their complaint November 6, 1963 asking foreclosure of their mortgage. Initially none of the defendants answered the complaint and by reason of the default a decree of foreclosure was entered January 21, 1964, wherein Jean Severovic, individually and as administratrix of the estate of Marcus Severovic, was decreed indebted to the Gaskills for the unpaid principal of $2,650.00 plus interest, costs and reasonable attorney fees. The decree entered by default also provided that the claims of Carsie Mitchell and Chris Grenz are inferior to the Gaskills' mortgage lien. Next an unnamed defendant moved to dismiss. The motion to dismiss was followed by the answer and cross-complaint of defendant, Carsie Mitchell, filed July 17, 1964. Apparently the parties deemed that this irregular procedure was later cured by a stipulation to the effect that Carsie Mitchell had been improperly served with process and therefore the default was set aside as to that defendant. A trial was had on the merits before the district judge sitting without a jury. At the end of the trial findings of fact and conclusions of law were made and a judgment was entered thereon which was substantially identical to the default decree except that Jean Severovic was as-

sessed additional costs and attorney fees. This appeal is brought from the second judgment.

The district court file contains no motion to set aside the default judgment entered January 21, 1964 as would be proper under Rule 60(b) of the Montana Rules of Civil Procedure. Nevertheless defendant-appellant Mitchell specified that the district court erred in not setting aside the default as to the defendant, Chris Grenz. While no formal motion was made to set aside the default there was considerable discussion of this matter in open court. Nothing appears in the record which would have justified setting the default aside with respect to Grenz under the requirements of Rule 60(b), M.R. Civ.P., and it would have been proper to deny such motion if properly made. The consequence of this procedure is that Carsie Mitchell is the only appellant in this appeal and the only defendant to which the second decree of foreclosure can be applied. When the plaintiffs took a default against the defendant, Jean Severovic, they established their rights with respect to her and that decree was not modified because the default was set aside with respect to another defendant.

Although we have just said that Carsie Mitchell is the only defendant affected by this appeal it will be necessary to decide other equities before reaching those of appellant, Mitchell.

Evidence of the chain of record title of the beer and liquor license located at the Powder River Club is very poorly developed but is sufficient to support a finding that Marcus Severovic was included. It would not have been in the interest of either mortgagee here to contend otherwise because their liens depend upon the title of Marcus Severovic. Grenz, however, appears to have adopted the strange position of contending to be the true owner of the license and at the same time first mortgagee.

The statutes governing chattel mortgages in this case are those which were in effect prior to January 1, 1965; the effective date of the Uniform Commercial Code. Under these

earlier rules a liquor license was denominated transferable personal property capable of being mortgaged to secure an existing debt. Stallinger v. Goss, 121 Mont. 437, 193 P.2d 810; Section 52-301, R.C.M.1947. A covenant not to transfer a beer and liquor license from the premises does not operate to prevent transfer of ownership. Therefore Marcus Severovic had full capacity to encumber the license located at the Powder River Club.

The priority of the two mortgages involved in this case standing by themselves provides no difficulty. The Gaskill mortgage is entitled to first priority because it was the first mortgage given and acknowledged and the only mortgage recorded. Sections 52-304, 52-305, R.C.M.1947. The notation of the Grenz mortgage cannot affect this priority because it was made after the Gaskill mortgage was recorded. While the Grenz mortgage might be valid between the parties it cannot affect the rights of the Gaskills under their prior mortgage.

The fact that the note given by Severovics to the Gaskills contained an express recognition of the lease and a covenant not to remove the license does not constitute a recognition of a superior security interest in Grenz. A license which cannot be moved because of restrictive covenants is nevertheless valuable property which may be mortgaged. Good faith is not an issue in this foreclosure action because we have held that the Gaskill mortgage is prior in time; but, it is worth noting that the Gaskills made an effort to discover prior mortgages by checking the Powder River County records.

It follows from what has been said herein that appellant Mitchell can derive record title only through Marcus Severovic. It is axiomatic that Mitchell can succeed only to the interest that Marcus Severovic owned. As we have herein held the interest of Marcus Severovic in the beer and liquor license and other personal property named in this foreclosure action is subject to the satisfaction of the Gaskills' mortgage lien.

We have not and cannot consider the issue of whether there

was proper consideration for the transfer of the beer and liquor license to Marcus Severovic. It is sufficient for the purpose of this foreclosure action that the record permits a finding that Marcus Severovic had record title and did give a valid first mortgage to the Gaskills.

There are no other specifications of error which merit discussion. The findings of fact and conclusions of law are correct as stated by the district court except that it appears that through a clerical error the Gaskill mortgage was found to be recorded August 23, 1962, instead of August 2, 1962, as appears on the instrument placed in evidence.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUS- TICES ADAIR, CASTLES and JOHN HARRISON concur.