304 P.2d 947

Charlie W. CLARK, Appellant,

v.

Earl L. TINNIN, Appellee.

No. 6154.

Supreme Court of Arizona.

Dec. 11, 1956.

F. M. Gold, Flagstaff, and Charlie W. Clark, Phoenix, in pro. per., for appellant.

Christensen & Anderson, Flagstaff, for appellee.

LA PRADE, Chief Justice.

This is an appeal by defendant-appellant Clark from a summary judgment in the court below, in favor of plaintiff-appellee Tinnin, holding that a certain "lease agreement" between plaintiff and defendant, involving a liquor license, was null and void as against public policy. Defendant also appeals from and assigns as error the refusal of the trial court to grant his motion for summary judgment.

The uncontroverted facts appear to be as follows: In January, 1950 Tinnin applied to the Department of Liquor Licenses and Control of the State of Arizona for a series No. 9 liquor license for use in his business known as "Toonerville" which was located about 23 miles east of Flagstaff; subsequently, in 1952, Tinnin negotiated with Clark for the latter to lease to him a liquor license; at the time of these con-

versations, however, Clark owned no liquor license, although he and one Spear had an application pending for a license; the record does not disclose whether both Clark's and Spear's names were on that application or only that of Spear; in any event, in 1952, Tinnin filed a second application through Clark, after agreeing to take a lease from Clark; on June 8, 1952, Tinnin signed a lease agreement with Clark which inter alia stated that Clark was the owner of a liquor license and prohibited the transfer of the license by Tinnin either to a third party or to another location without the approval of Clark; said agreement was to run from the date of issuance of the license to Tinnin to December 31, 1954, and the rental was to be five per cent of the gross sales, payable monthly; on June 9, 1952 the Department of Liquor Licenses and Control issued a series No. 9 retail liquor license to Tinnin, whose name alone appeared on both of his applications; Clark's name did not appear on Tinnin's application or on the license when issued, although it is worthy of note that the license was mailed to Clark, rather than to Tinnin directly, by the Department; in July, 1954, Tinnin applied to the Department of Liquor Licenses and Control for permission to transfer the license under which he was operating to a third person, but was informed that such a transfer could not be effected without the consent of Clark or until the lease agreement on file with the Department had been invalidated by a court of competent jurisdiction; on November 12, 1954, Tinnin commenced this action and in June, 1955, his motion for summary judgment was granted.

The issues before this court are three: (1) is an agreement whereby one party applies to the Department of Liquor Licenses and Control for a liquor license for the benefit, in whole or in part, of an undisclosed principal valid and enforceable; (2) if such an agreement is illegal is plaintiff herein estopped to contest it; and (3) was the refusal of the Superintendent of the Department of Liquor Licenses and Control to transfer Tinnin's license to another without Clark's permission such a decision by the Superintendent as required Tinnin to appeal it within ten days or be thereafter barred by res judicata.

Chapter 72 of the Arizona Code, 1939, governs the subject of spirituous liquors, including the licensing of applicants and the transfer of licenses. Section 72–105, 1952 Cum.Supp., A.C.A. 1939 (now A.R.S. § 4–201) entitled "Application for license" reads in part as follows:

"(a) Any person desiring a license to manufacture, sell, or deal in spirituous liquors shall make application therefor to the superintendent of liquor licenses and control on a form prescribed and furnished by him.

\*    \*    \*    \*    \*    \*

"(d) Upon the receipt of an application for a spirituous liquor license, the superintendent shall place the same on file until the expiration of the time fixed for the certified order by the governing body of the city or town or the board of supervisors, and shall consider such order together with other facts in his possession relating to the qualifications of the applicant."

A license to sell spirituous liquors is in the nature of a privilege granted pursuant to the police power of the state. No one has an absolute right to the issuance of such a license, but on the contrary must conform to the standards prescribed by the statute in order to qualify for one. Stanton v. Superior Court, 55 Ariz. 514, 103 P.2d 952; 48 C.J.S., Intoxicating Liquors, § 135; 30 Am.Jur., Intoxicating Liquors, Section 76. A liquor license is generally considered a personal privilege. 48 C.J.S. Intoxicating Liquors, § 109; 30 Am.Jur., ibid, Section 109. The mere fact that it is transferable with the approval of the state does not alter its personal nature. In Arizona an applicant must be a citizen of the United States and a bona fide resident of the State of Arizona, and must not have violated any provision of a spirituous liquor license previously issued or had such a license revoked within one year prior to application, or within two years been convicted of a felony. Section 72–106(a, b),

1952 Cum.Supp., A.C.A. 1939 (now A.R.S. § 4–202).

In order for the Superintendent of the Department of Liquor Licenses and Control to be in a position to judge the qualifications of each applicant for a license, Section 72–105, supra, requires "any person desiring a license" to apply to said superintendent "on a form prescribed and furnished by him". Obviously any person who fails to make such an application does not submit himself to the scrutiny required by the specific wording of the statute. In the case at bar Clark's name was not on either application submitted to the Superintendent of the Department of Liquor Licenses and Control by Tinnin. Section 72–108, A.C.A. 1939, A.R.S. § 4–203, in part provides that

"The superintendent shall issue a spirituous liquor license only upon satisfactory showing of the capability, qualifications, and reliability of the applicant, * * *."

This language presupposes that the person making application for a liquor license will be the true owner thereof and will not, in fact, be acting for another who is "undisclosed". If Clark desired an interest in the prospective license applied for by Tinnin it was incumbent on him to list himself as one of the applicants. Failing in this he neglected to meet the very clear

and unambiguous requirements of the licensing statute as administered by the Department of Liquor Licenses and Control, and, as a result, acquired no rights of any kind in the license issued in Tinnin's name alone.

Defendant Clark argues that this entire transaction was in the nature of a transfer and, therefore, valid, citing Hom Moon Jung v. Soo, 1946, 64 Ariz. 216, 167 P.2d 929. The facts not only do not support such a conclusion but on the contrary disclose rather the acquisition of a license by an applicant for the benefit of an undisclosed principal. If Clark had been issued a license by the Department of Liquor Licenses and Control and then subsequently transferred it to Tinnin, with the necessary approval of the Superintendent, then the Hom Moon Jung case would control. But the Department never issued a license to Clark. He had absolutely nothing to transfer to Tinnin. In fact, the lease agreement between the two parties which was executed on June 8, 1952 recited the fact that Clark owned license No. 428 when in truth and in fact that very license was not issued until June 9, 1952 and then only to Tinnin. The general rule in the United States prohibits the holding or acquisition of a liquor license by one person in the interest of others as being contrary to public policy. See Annotation, 2 A.L.R. 1516; 48 C.J.S., Intoxicating Liquors, § 109(c); 30 Am.

Jur., Intoxicating Liquors, Section ‑109. See, also, Koppitz-Melchers Brewing Co. v. Behm, 1902, 130 Mich. 649, 90 N.W. 676; Eisenman v. Seitz, 1942, 26 Del.Ch. 185, 25 A.2d 496. Our statutes reflect this general policy in that they provide that the applicant must have the statutory qualifications and be approved by the Superintendent of the Department of Liquor Licenses and Control. Any agreement which provides that one party will secure a license and hold it for the benefit of an undisclosed party who has not submitted himself and his qualifications to the scrutiny of the Superintendent contravenes the public policy of this state and is therefore invalid and unenforceable.

We now come to the second point at issue, namely, whether plaintiff is estopped to contest the illegality of the agreement whereby he secured a liquor license in his own name for the benefit of Clark and then took a lease of the license back from Clark. On several occasions in the past this court has ruled that the defenses of waiver and estoppel cannot be invoked against an agreement which is void as against public policy, National Union Indemnity Co. v. Bruce Bros., 1934, 44 Ariz. 454, 38 P.2d 648; Red Rover Copper Co. v. Industrial Commission, 1941, 58 Ariz. 203, 118 P.2d 1102, 137 A.L.R. 740; Whipple

264

v. Industrial Commission, 1942, 59 Ariz. 1, 121 P.2d 876; and we see no reason for altering this sound doctrine now.

■ The last question concerns the exhaustion of administrative remedies. Plaintiff requested permission of the Superintendent of the Department of Liquor Licenses and Control to transfer his license, but was advised that he could not do so without Clark's permission unless he had the so-called lease agreement invalidated by a court of competent jurisdiction. There were no formal proceedings before the Superintendent concerning this matter and as a result the refusal of the Superintendent to make the transfer did not constitute an official "decision" as that word is used in Section 72–109(c), 1952 Cum.Supp., A.C.A. 1939, A.R.S. § 4–210, and no appeal from such refusal was necessary. In addition, Tinnin was advised by the Superintendent that failing to get Clark's permission to transfer the license, his only remedy was to attack the lease agreement in the courts. This he has done. We find no merit in this last contention of defendant.

Judgment affirmed.

UDALL, WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.