316 P.2d 296

Bessie May SILER, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR COCONINO COUNTY; John A. Duncan, Superintendent of Liquor Licenses and Control, State of Arizona; and Claud C. Black, Respondents.

No. 6427.

Supreme Court of Arizona.

Oct. 15, 1957.

Albert H. Mackenzie and Minne & Sorenson, Phoenix, for petitioner.

Robert Morrison, Atty. Gen., and Mangum, Christensen & Anderson, Flagstaff, for respondents.

JOHNSON, Justice.

Petitioner, Bessie May Siler, initiated this original proceeding by filing a petition for two writs of certiorari to issue respectively to the Superior Court of the State of Arizona, in and for the County of Coconino (Superior Court), Honorable H. L. Russell presiding, and to John A. Duncan, State Superintendent of Liquor Licenses and Control (Superintendent), commanding the former to certify the Superior Court record in civil cause No. 6825, and the latter to certify to this court his file and records concerning a certain Series

6 spirituous liquor license (liquor license) registered in the name of Bessie May Siler.

The writs were issued and returns made, and from the record now before us the following appears: On December 16, 1943, petitioner leased from respondent Black the premises located at 24 East Santa Fe Avenue, Flagstaff, a building which housed what was then known as Black's Bar and Cocktail Lounge, the B. & M. Cafe and a barber shop. The last paragraph of the lease states, in part, that the lessee shall not sell or transfer the liquor license in question without the written consent of respondent Black, and upon termination of the lease the petitioner, as lessee, shall transfer the liquor license to respondent Black. On the same day a "person-to-person" application to transfer the liquor license was executed by respondent Black, filed with the Department of Liquor Licenses and Control (Department), and a liquor license was duly issued to petitioner. On the reverse side of the application to transfer the license an agreement was entered into wherein petitioner agreed to comply with the the terms of the lease with respondent Black, as lessor, to keep the license in full force and effect, and not to transfer the license from the premises or to any person without the written consent of respondent Black.

On June 1, 1944, respondent Black conveyed title to Hays N. Nance and Julia M. Nance, his wife, by warranty deed, to the building in which the leased premises were located, and assigned to them the lease with petitioner by a written assignment of leases which contained no reservation of any interest in the liquor license issued in the name of petitioner. The pertinent portion of the assignment of leases recited that it was made subject to all the terms and conditions of the leases and which the assignees assumed and agreed to perform.

Hays N. Nance and Julia M. Nance, by written lease dated June 13, 1947, leased the premises to petitioner for a term of ten years, commencing September 1, 1947, which provided, inter alia, that the liquor license held by petitioner shall not be sold or transferred without the written consent of the Nances, and upon termination of the lease petitioner shall assign the liquor license to the Nances or to a person they designate.

Respondent Black, on October 20, 1955, without notice to petitioner, filed with the Department his application to transfer the liquor license to himself. Paragraph 6 of the application, requiring the name of the owner of the license, set forth the name of petitioner as lessee. Also inserted in the application was a reference to the restriction as to the transfer of the liquor license contained in the lease dated December 16, 1943, between respondent Black, as lessor, and petitioner, as lessee. On said date of October 20, 1955, petitioner was

the registered owner of said license, and the said application to transfer the liquor license did not anywhere bear the signature of petitioner requesting or acquiescing in any such transfer. Thereafter, the Superintendent disapproved said application for transfer filed by respondent Black. A timely appeal, civil cause No. 6825, was taken to the Superior Court. Neither petitioner nor Hays N. Nance are named as a party in the notice of appeal, nor was any service of a copy thereof ever made upon either of them. On January 9, 1957, a stipulation of facts was filed in civil cause No. 6825, which had been drafted and prepared by the attorneys representing the Superintendent and respondent Black. The stipulation of facts briefly recited the facts above set forth, but in addition stated Hays N. Nance was, on June 1, 1944, and at all times up to the date of the stipulation of facts, a bona fide resident and citizen of the State of California. The judgment and order in civil cause No. 6825 was entered on January 15, 1957, at a hearing in the Superior Court, based upon the stipulation of facts, which in substance ordered the Superintendent to transfer the liquor license, then in the name of petitioner, to the respondent Black.

The record of the Superior Court further shows that on January 14, 1957, the petitioner filed a motion for consolidation seeking an order consolidating civil cause No. 6825 and civil cause No. 6836. Respondent Black filed a complaint in civil cause No. 6836, praying for a declaratory judgment determining the rights of respondent Black, petitioner, and Hays N. Nance, in and to the liquor license in question, which cause is still pending. Petitioner, in civil cause No. 6836, filed an answer and counterclaim. No ruling or order was made on the motion for consolidation of civil causes Nos. 6825 and 6836. On January 17, 1957, petitioner filed in civil cause No. 6825, a motion to intervene as defendant, combined with motion to set aside judgment. On January 29, 1957, respondent Black filed his response and a hearing was had on the motion on that date. The Superior Court, on February 13, 1957, denied the petition to intervene and the motion to set aside judgment.

It appears from an affidavit made by Wm. W. Stevenson, attorney for petitioner, on January 17, 1957, that he had actual knowledge of the appeal to the Superior Court in January or February, 1956.

We will consider petitioner's first assignment of error, which states the court erred in making its judgment and order for the reason that it did not have before it an indispensable party, namely, the registered owner of the license in question.

We have held a liquor license in this state is a property right with a peculiar and special value. Duncan v. Truman, 74 Ariz. 328, 332, 248 P.2d 879; Hom Moon Jung v. Soo, 64 Ariz. 216, 167 P.2d 929.

**54**

We hold petitioner had a valuable property right in the liquor license in question.

Petitioner urges she was an indispensable party, and by reason of the failure to serve her with a copy of the notice of appeal or to make her a party to said cause, that the Superior Court had no jurisdiction to enter the judgment and order of January 15, 1957, ordering, in substance, the transfer of the liquor license in question to respondent Black. Paragraph 7 of Rule 12(b), Rules of Civil Procedure, 16 A.R.S., states that failure to join an indispensable party may be asserted in a responsive pleading, or may at the option of the pleader be made by motion. The failure to join an indispensable party was not asserted in civil cause No. 6825 either in a responsive pleading or by motion.

 Rule 19(a), Rules of Civil Procedure, supra, deals with necessary and indispensable parties. Indispensable parties have been defined as those without whom the action cannot proceed, and necessary parties are those who have an interest in the controversy but whose interests are separable and will not be directly affected by a decree rendered in their absence, which does full justice between the parties before the court. Barron and Holtzoff, Federal Practice and Procedure, Rules Ed. Vol. 2, section 512, pp. 58 and 59, and cited cases. The Supreme Court of the United States said there is no prescribed formula for determining in every case whether a person is an indispensable party. Niles-Bement-Pond Co. v. Iron Moulders' Union Local No. 68, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145. Petitioner has cited many cases setting forth various tests which can be used in determining whether a person is an indispensable party to a proceeding. The rule is well stated in Barron and Holtzoff, Federal Practice and Procedure, Rules Ed. Vol. 1, section 357, pp. 666 and 667, and in Vol. 2, section 512, pp. 58 and 59, citing cases. We have no hesitancy in holding petitioner was an indispensable party.

 Notwithstanding the knowledge of petitioner of the pendency of civil cause No. 6825, her failure as an indispensable party to intervene in the proceeding prior to judgment, nor the denial of intervention after judgment, could not confer jurisdiction upon the Superior Court to adjudicate the rights of a party not before the court. It was the duty of the party filing the appeal to the Superior Court to make the indispensable party a party to the proceeding, or the Superior Court could have taken notice of a defect of parties and dismissed civil cause No. 6825, though the nonjoinder was not pleaded or suggested by counsel. Bowen v. Baker, D.C., 35 F. Supp. 852, 44 Am.Bankr.Rep.N.S. 630; Brown v. Christman, 75 U.S.App.D.C. 203, 126 F.2d 625. The nonjoinder of an indispensable party may be noted for the first time on appeal. Flynn v. Brooks, 70 App.

D.C. 243, 105 F.2d 766; 39 Am.Jur., Parties, section 117.

The third assignment of error raises the question whether the Superior Court, when hearing appeals from the Superintendent, is without authority and jurisdiction to hear and decide controversies relating to the property rights of persons claiming interests adverse to each other to liquor licenses.

The statute, A.R.S., subsection C of section 4–210, defines matters which may be appealed to the Superior Court in liquor cases and provides as follows:

"The decision of the superintendent shall be final in any matter relating to the issuance, *transfer,* renewal, suspension or revocation of a license, unless the person aggrieved, within ten days after the date of the decision, files an appeal with the superior court of the county in which the licensed premises are located. On the appeal, the court shall hear and determine the matter de novo not more than ten days after the date of filing the appeal." (Emphasis supplied.)

A fair interpretation of this statute makes it clear that in the instant appeal the Superior Court only had jurisdiction to hear and determine the matter of transfer of such license without adjudging property rights therein. Nor could any stipulation of facts enlarge its jurisdiction so that controversies relating to property rights of rival claimants under the factual situation here presented be determined on such appeal. Actually the matter before the Superintendent was an application for the transfer of the liquor license—it was so labelled—therefore the issue of ownership and property rights in the license were improperly injected therein.

Petitioner had not joined or acquiesced in the application to transfer the liquor license from herself to respondent Black. The application filed by respondent Black, with the Superintendent, to transfer the liquor license to himself, was predicated upon the lease dated December 16, 1943, between respondent Black, as lessor, and petitioner, as lessee, and upon the agreement set forth on the reverse side of the application filed by respondent with the Superintendent on December 16, 1943. This required the Superintendent to judicially decide and construe the terms and conditions of the lease and the agreement between the parties. It is the function of the courts to adjudicate such controversies in a proper action. Nowhere in the statutes of Arizona is the Superintendent given the power to determine controversies relative to property rights between individuals. He is an administrative officer, with the right to exercise limited quasi-judicial powers. Him Poy Lim v. Duncan, 65 Ariz. 370, 181 P.2d 357; A.R.S. § 4–112 et seq. We hold that the Superintendent

rightfully refused to transfer the liquor license in question and his order is therefore affirmed.

In view of our consideration of petitioner's first and third assignments it is unnecessary to consider the other assignments of error.

Inasmuch as the respondent court was without jurisdiction to enter the judgment and order in question, the same are annulled and declared to be void and of no force and effect.

UDALL, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.