363 P.2d 69

**Theodore S. FIO RITO, as Agent for Black Sheep Club of Scottsdale, Inc., an Arizona corporation, Petitioner,**

v.

**John A. DUNCAN, Superintendent of the Department of Liquor Licenses and Control of the State of Arizona, Respondent.**

**No. 7305.**

Supreme Court of Arizona.

En Banc.

June 21, 1961.

Snell & Wilmer and Perry M. Ling, Phoenix, for petitioner.

Robert W. Pickrell, Atty. Gen., Darrell F. Smith, Philip M. Haggerty, Asst. Attys. Gen., for respondent.

JENNINGS, Justice.

The petition of Theodore S. Fio Rito, as Agent for Black Sheep Club of Scottsdale, Inc., an Arizona corporation, seeks to compel the issuance of a spirituous liquor license by a writ of mandamus. This raises the single question:

"May an agent, who is qualified to hold a spirituous liquor license, hold such a license for the benefit of a corporation?"

The answer is, no.

A.R.S. § 4–202 is as follows: Qualifications of licensee

"A. Every spirituous liquor licensee, other than a club licensee, shall be a citizen of the United States and a bona fide resident of the state. If a partnership, each partner shall be a citizen of the United States and a bona fide resident of the state.

"B. No license shall be issued to any person who, within one year prior to application therefor, has violated any provision of a spirituous liquor license theretofore issued or has had a license revoked, or, within two years, has been convicted of a felony. * * *"

This court has previously held that under the above statute a corporation may not own a liquor license. Myerson v. Myerson, 1960, 88 Ariz. 385, 357 P.2d 133.

To allow an agent to hold a license for a corporation would, in effect, permit the

doing indirectly of that which cannot be done directly. For example, if an individual or any member of a partnership under A.R.S. § 4–202(B) has violated any provisions of a prior license, or has had a license revoked or has been convicted of a felony, he cannot obtain a license. If this petition were granted a person normally ineligible, could for all practical purposes own and operate a license. This indirect and hidden control is completely violative of the spirit of the statute. Clark v. Tinnin, 1956, 81 Ariz. 259, 304 P.2d 947.

We agree that for certain purposes, such as taxation, venue, etc., a corporation has residence. But what does A.R.S. § 4–203, subd. A require? It requires both capability and reliability. The statute reads as follows:

§ 4–203. Licenses; issuance; contents; transfers; suspension or revocation

"A. The superintendent shall issue a spirituous liquor license only after satisfactory showing of the *capability*, qualifications and *reliability* of the applicant, and, with the exception of club licensees, that the public convenience requires and will be substantially served by the issuance." (Emphasis supplied.)

Capability and reliability are not normal corporate attributes. The corporate form has been and can still be utilized as a cloak by persons of less than law-abiding character to work their machinations. While proper legislation might permit and require corporate applicants to disclose all corporate officers' and/or directors', problems would arise which under the present statute are insoluble. For example, would all officers have to be capable and reliable; or is a majority sufficient; or is perhaps even one sufficient? Would all directors have to be capable and reliable or a majority of them, or only one? Could the superintendent of the Department of Liquor Licenses and Control refuse a license if anyone of the directors or officers were convicted of a felony—and so on ad infinitum? Under the present statutes, it is our conclusion that an agent may not hold a spirituous liquor license for the benefit of a corporation.

Application for the writ is denied.

STRUCKMEYER, C. J., and UDALL and LOCKWOOD, JJ., concur.

NOTE: BERNSTEIN, V. C. J., being disqualified, did not participate in the determination of this matter.