389 P.2d 706

**R. S. HOOPER, Appellant,**

v.

**John A. DUNCAN, Superintendent, Department of Liquor Licenses and Control of Arizona, Elmo Runnels (Tex) Adkins and Dorothy L. Adkins, his wife, Appellees.**

No. 8182.

Supreme Court of Arizona.

En Banc.

Feb. 26, 1964.

Rehearing Denied March 24, 1964.

Minne & Sorenson, Phoenix, for appellant.

Robert W. Pickrell, Atty. Gen., Phoenix, Darrell F. Smith, Sp. Asst. Atty. Gen., Mesa, for appellee Duncan.

Charles E. Marshall, Phoenix, for appellees Adkins.

Hirsch, Van Slyke, Richter & Ollason, Mesch, Marquez & Rothschild, Tucson, amici curiae.

LOCKWOOD, Vice Chief Justice:

This case concerns the validity of recent Arizona legislation terminating the leasing of liquor licenses in Arizona.[1] The

1. On October 29, 1961, the Arizona Legislature amended A.R.S. §§ 4–203 and 4–211 to read in part as follows:

§ 4–203, subd. E. "No spirituous liquor license shall be assigned, transferred or sold, except as provided for in this title. No spirituous liquor license shall be leased or subleased, except that for the purpose of preserving rights and duties that have already matured, any licensee who has leased a spirituous liquor license under a lease in effect on the effective date of this subsection shall, after examination of such lease by the superintendent, be permitted to continue the lease according to its terms, and the license shall revert to the lessor upon expiration of the lease, or upon any termination of the lease, or by December 31, 1963, whichever is sooner."

§ 4–203, subd. F. "Every license issued under this title before, on or after the

lower court upheld the validity of this legislation and this appeal resulted.

The pertinent facts are as follows: Appellant in 1955 acquired a liquor license from a previous holder for the consideration of $32,500. On May 16, 1955, appellant leased his liquor license to appellees Adkins for a five-year period commencing June 10, 1955, and ending June 9, 1960. The lessees agreed that even though the annual renewal was taken in their names, they would at all times recognize the paramount ownership and rights of the lessor. On June 9, 1960, the parties agreed to another five-year lease terminating on June 9, 1965.

Since 1938 appellee Duncan, as Superintendent of the State Department of Liquor Licenses and Control, had recognized such leasing arrangements and had approved the annual renewal of the licenses. But on October 29, 1961, the amendments to A.R.S. §§ 4–203 and 4–211 became effective and such leasing of liquor licenses was prohibited. Appellant then brought this declaratory judgment action to test the validity and application of these amendments. Appellant contends these statutory amendments constitute an unreasonable exercise of police power which impairs the obligation of contract. Alternatively, if these amendments are held constitutional, appellant maintains that they have no retroactive effect, but only prohibit any leasing of liquor licenses after October 29, 1961, the effective date of the amendment.

▮ A liquor license is a temporary privilege, personal in nature, issued in the exercise of the police power of the state. No one has an absolute right to the issuance of such a license. To qualify for a liquor license, the applicant must meet the requirements set forth in A.R.S. § 4–201. See Clark v. Tinnin, 81 Ariz. 259, 304 P.2d 947 (1956) and Stanton v. Superior Court, 55 Ariz. 514, 103 P.2d 952 (1940).

effective date of this subsection shall revert to the state forthwith if the licensee does not use the license, in a business established for such purpose, within six months after the effective date of this subsection, or within six months after the date of issuance of the license, whichever is later, except that the superintendent may grant an additional period of time of not more than six months if in his judgment the licensee is in good faith attempting to comply with the provisions of this subsection."

§ 4–203, subd. G. "A license which has been placed in use within the time prescribed by subsection F and which subsequently is not used by the licensee for a period in excess of six months shall revert to the state, except that the superintendent may grant additional time if, in his judgment, the licensee is in good faith attempting to comply with this subsection."

§ 4–211, subd. A. "Upon the reversion of a license as provided in § 4–203, subsection E, the superintendent shall issue to the lessee from whom the license reverted a license of the same class as that which reverted, provided such lessee makes application within six months from the date of reversion for such license in accordance with § 4–201."

Appellant contends, however, that a liquor license, once acquired, is a property right with a peculiar and special value and that the 1961 amendments unconstitutionally deprive appellant of property without compensation. But an important distinction exists concerning the rights of the licensee in relation to third persons and in relation to the state. Roehm v. Orange County, 32 Cal.2d 280, 196 P.2d 550 (1948) and Jaffe v. Pacific Brewing & Malting Co., 69 Wash. 308, 124 P. 1122 (1912). As between the licensee and third persons, a liquor license is a property right with unique value. Siler v. Superior Court, 83 Ariz. 49, 316 P.2d 296 (1957); Duncan v. Truman, 74 Ariz. 328, 248 P.2d 879 (1952); and Hom Moon Jung v. Soo, 64 Ariz. 216, 167 P.2d 929 (1946). But as between the licensee and the state, a liquor license is merely a privilege subject to the police power of the state; it is not a "property right" or a "contract" in the legal or constitutional sense of those terms.

This Court in Gherna v. State, 16 Ariz. 344, 146 P. 494 (1915) set forth the right of the state to regulate the business of selling intoxicating liquors to the point of absolute prohibition. The Gherna case involved an appeal from a conviction for selling liquor in violation of an amendment to the Arizona Constitution prohibiting the sale of liquor. The appellant there contended the amendment confiscated his property rights. Expressly holding that state prohibition of the sale of liquor is not open to constitutional objections, this Court stated in Gherna at 363–365 of 16 Ariz., at 502 of 146 P.:

"A license for the sale of liquor is not a contract between authority, federal, state, or municipal, granting it, and the person to whom it is issued, in any such sense as to be within the protection of constitutional guaranties."

\*  \*  \*  \*  \*  \*

"A license for the sale of liquor is in effect a mere permit, affording protection to the holder against legal animadversion for acts which, without its sanction, would be illegal and punishable."

\*  \*  \*  \*  \*  \*

"It is well-settled law that a statute absolutely prohibiting, within the limits of the state, the manufacture and sale of intoxicating liquors as a beverage is a lawful exercise of the police power of the state, and is not open to constitutional objection, either on considerations of natural right or of the specific limitations of state powers. 23 Cyc. 77. Such a statute, although it may deprive persons of the right to pursue a business which was previously lawful and diminish the value of property devoted to such business, cannot be said to deprive them of their liberty or property without due process

of law. Nor does it for similar reasons violate the prohibition against impairing the obligations of contracts, nor that which forbids discrimination against citizens of other states or citizens of the United States; and such a law, in so far as it prohibits the sale of liquors in existence at the time of its passage, is not an *ex post facto* law, since, if it lessens the value of such liquors, such civil consequence does not make it retroact criminally in such sense as to bring it within the constitutional prohibition against laws of that character. * * * If a statute is not open to such objections, certainly a state constitutional provision is free from them."

* * * * * *

"We do not hesitate to hold that the state, in the lawful exercise of its police power could and did revoke the license of every person theretofore authorized to sell intoxicating liquors in Arizona, and such revocation went into effect on January 1, 1915."

The Supreme Court of the United States enunciated the same principle in Boston Beer Company v. Massachusetts, 97 U.S. 25, at 32–33, 24 L.Ed. 989 (1877) at 32–33:

"If the public safety or the public morals require the discontinuance of any manufacture or traffic [of intoxicating liquors], the hand of the legislature cannot be stayed from providing for its discontinuance, by any incidental inconvenience which individuals or corporations may suffer. *All rights are held subject to the police power of the State.*"

* * * * * *

"Since we have already held, in the case of Bartemeyer v. Iowa, that as a measure of police regulation, looking to the preservation of public morals, a State law prohibiting the manufacture and sale of intoxicating liquors is not repugnant to any clause of the Constitution of the United States, we see nothing in the present case that can afford any sufficient ground for disturbing the decision of the Supreme Court of Massachusetts." (Emphasis supplied.)

State control of liquor licenses under the police power ranges from complete prohibition to lesser degrees of regulation and surveillance. Kearns v. Aragon, 65 N.M. 119, 333 P.2d 607, 610 (N.M.1958). It is the province of the Legislature to determine to what extent such regulation shall be exercised. The prohibition of the leasing of liquor licenses comes within such state control.

Judgment affirmed.

UDALL, C. J., and STRUCKMEYER, BERNSTEIN and JENNINGS, JJ., concur.