392 P.2d 572

**Claud C. BLACK, Appellant,**

v.

**Bessie May SILER and Hayes M. Nance, Appellees.**

**No. 7242.**

Supreme Court of Arizona.

En Banc.

June 3, 1964.

Mangum & Christensen, Flagstaff, for appellant.

Snell & Wilmer, Phoenix, for appellee Hayes M. Nance.

Albert H. Mackenzie, Phoenix, for appellee Bessie May Siler.

BERNSTEIN, Justice.

Appellant Claud G. Black brought this action in 1956 for a declaratory judgment under A.R.S. § 12–1831 et seq. (Uniform Declaratory Judgments Act), that appellees Bessie May Siler and Dr. Hayes M. Nance have no interest in a certain liquor license. Black was the original licensee under the license. He had leased it to Mrs. Siler, and thereafter sold his interest to Dr. Nance, a non-resident. He now claims the license on the ground that his sale to a non-resident was void under A.R.S. § 4–202 setting the qualifications of licensees, and further providing that only residents may secure licenses.

After making findings of fact and conclusions of law as requested, the trial court entered judgment for appellees declaring (1) that Black had no right, title or interest, contractual, residual or otherwise in the license, and (2) that title to the license was in Mrs. Siler, subject to contractual rights reserved to Dr. Nance by an agreement dated August 21, 1957.

Black appealed from this judgment, and Mrs. Siler and Dr. Nance cross appealed.[1]

This case arose during the time the State of Arizona permitted the leasing of liquor licenses. Clark v. Tinnin, 81 Ariz. 259, 304

---

1. Cross appeals were abandoned by appellees at the oral argument.

P.2d 947 (1956). The 1961 legislature amended A.R.S. §§ 4–203 and 4–211 [2] so that leases of the type involved herein are ineffectual and cannot lawfully be made in Arizona since October 29, 1961, the effective date of the amendment. The 1961 amendments were upheld by this court against attack on constitutional grounds in Hooper v. Duncan, 95 Ariz. 305, 389 P.2d 706. (Feb. 26, 1964). This case was tried and briefed before the passage of the 1961 legislation and before our decision in Hooper, but argued immediately thereafter.

, The controversy between these parties was before this court in Siler v. Superior Court, 83 Ariz. 49, 316 P.2d 296 (1957).

The facts are fully stated there. In that decision we held that Mrs. Siler, the tenant, and the person actually operating the bar was an indispensable party to any litigation involving the license.

To restate the facts briefly, in 1943 Black who had been the owner-operator of a bar in Flagstaff, leased the bar to Mrs. Siler and also leased his liquor license to her, in the manner permitted by law at that time. The transaction was duly recorded with the Department of Liquor Licenses and Control.

In 1944, Black sold the real property in which the bar was located, and assigned all his leases, without specifying the liquor license, to Dr. Nance, a California physician

**2.** The statute now reads in part as follows:

§ 4–203, subd. E. "No spirituous liquor license shall be assigned, transferred or sold, except as provided for in this title. No spirituous liquor license shall be leased or subleased, except that for the purpose of preserving rights and duties that have already matured, any licensee who has leased a spirituous liquor license under a lease in effect on the effective date of this subsection shall, after examination of such lease by the superintendent, be permitted to continue the lease according to its terms, and the license shall revert to the lessor upon expiration of the lease, or upon any termination of the lease, or by December 31, 1963, whichever is sooner."

§ 4–203, subd. F. "Every license issued under this title before, on or after the effective date of this subsection shall revert to the state forthwith if the licensee does not use the license, in a business established for such purpose, within six months after the effective date of this subsection, or within six months after

the date of issuance of the license, whichever is later, except that the superintendent may grant an additional period of time of not more than six months if in his judgment the licensee is in good faith attempting to comply with the provisions of this subsection."

"§ 4–203, subd. G. "A license which has been placed in use within the time prescribed by subsection F and which subsequently is not used by the licensee for a period in excess of six months shall revert to the state, except that the superintendent may grant additional time if, in his judgment, the licensee is in good faith attempting to comply with this subsection."

§ 4–211, subd. A. "Upon the reversion of a license as provided in § 4–203, subsection E, the superintendent shall issue to the lessee from whom the license reverted a license of the same class as that which reverted, provided such lessee makes application within six months from the date of reversion for such license in accordance with § 4–201."

who had not resided in Arizona since 1920. Black left the state and later became a resident of Nevada. He has returned to Arizona and since 1955 has attempted to repudiate the sale of the liquor license to Dr. Nance on the grounds stated above.

Mrs. Siler has recognized Dr. Nance as her landlord since 1944, and has paid all rent, both for the building and license to him. On August 21, 1957, she made a contract to purchase the bar and license from him for $72,500.

■ The briefs raise fascinating questions regarding the nature of the property rights recognized under the old system of leasing liquor licenses. Dr. Nance suggests analogies to stock certificates. The customary use of lease terminology by parties to transactions under the old law suggests that perhaps real property analogies would be more relevant. It is, however, unnecessary to choose between conflicting property theories since the old system of leasing has been abolished and the declaratory judgment has only present and prospective operation.

"A declaratory judgment or decree is one which simply declares the rights of the parties or expresses the opinion of the court on a question of law, without ordering anything to be done; its distinctive characteristic being that the declaration stands by itself, and no executory process follows as of course; and the action is therefore distinguished from other actions in that it does not seek execution or performance from the defendant or opposing party." Clein v. Kaplan, 201 Ga. 396, 403, 40 S.E.2d 133, 137.

Both Georgia and Arizona have the Uniform Declaratory Judgments Act.

■ It is clear that under the 1961 amendment quoted in the footnote above, neither Black nor Nance have any present interest in this license. All rights are now in Mrs. Siler, the former lessee-tenant. As we said in Hooper, supra, 389 P.2d at page 709:

"State control of liquor licenses under the police power ranges from complete prohibition to lesser degrees of regulation and surveillance. (citation) It is the province of the Legislature to determine to what extent such regulation shall be exercised. The prohibition of the leasing of liquor licenses comes within such state control."

The judgment is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concurring.