394 P.2d 208

WING F. ONG, d/b/a Wing's Coffee Shop and Dining Room, Appellant,

v.

Ann ABBOTT, Appellee.

No. 7687.

Supreme Court of Arizona.

In Division.

July 13, 1964.

Rehearing Denied Sept. 22, 1964.

**278**

Wing F. Ong, in pro. per.

Rawlins, Ellis, Burrus & Kiewit, Phoenix, for appellee.

BERNSTEIN, Justice.

Appellant, Wing Ong, has appealed from a ruling of the Maricopa County Superior Court requiring him to pay rent under a liquor license lease, which had been entered into with the approval of the State Department of Liquor Licenses and Control. The suit was started to recover one month's rent and appellant, by counterclaim, asked a declaratory judgment to determine that the lease between the parties was ineffective after legislation prohibiting the leasing of liquor licenses became effective. A.R.S. Title 4, Chapter 2.

Appellee, Ann Abbott, plaintiff and counter-defendant below, leased a No. 6 liquor license on September 26, 1958 to Wing Ong, doing business as Wing's Coffee Shop and Dining Room, defendant and counterclaimant below. The lease was for five years, with a first refusal option for renewal. The agreed rental was as follows:

"$33,000.00, * * * payable as follows: $3,300.00 upon the execution of this Lease, * * * said sum to represent the rent due for the first three (3) months of the term of this lease, and the rent for the last three (3) months of the term of this Lease; the sum of $550.00 shall be payable on the 1st day of February, 1959, and a like sum on the same day of each and every month thereafter up to and including the 1st day of July, 1963."

In the lease the contingency that the legislature might prohibit the liquor license leasing system was provided for by the following clause:

"It is agreed that in the event the State Legislature or any other governmental agency or the Superintendent of Liquor Licenses and Control of the State of Arizona adopt any act, rule or regulation that may impair the rights

of Lessee hereunder to the extent that Lessee is unable to enjoy the full use and benefit of said liquor license and such act, rule or regulation is adjudicated by a Court of competent jurisdiction to vitiate and cause this said lease agreement to be null and void, then and in such event Lessee shall be relieved from any and all obligations hereunder; provided that the issuance by the State of Arizona of any liquor licenses of any nature, additional to those now in existence in Maricopa County, Arizona, shall not in any way affect this lease or the terms hereof."

On October 31, 1961, legislation prohibiting the leasing of liquor licenses became effective. The pertinent parts of this legislation read as follows:

"A.R.S. § 4–203, subsec. E.

" * * * No spirituous liquor license shall be leased or subleased, except that for the purpose of preserving rights and duties that have already matured, any licensee who has leased a spirituous liquor license under a lease in effect on the effective date of this subsection, shall, after examination of such lease by the superintendent, be permitted to continue the lease according to its terms, and the license shall revert to the lessor upon expiration of the lease, or upon any termination of the lease, or by December 31, 1963, whichever is sooner."

"A.R.S. § 4–205.02, subsec. A.

"The superintendent may issue a restaurant license to any restaurant in this state * * *."

Ong paid his rent under the lease license by a check for $550 on December 21, 1961. Subsequently payment was stopped on this check, and Abbott began this action. Ong counterclaimed for a declaratory judgment that the lease became null and void on the effective date of A.R.S. § 4–203, as amended, and A.R.S. § 4–205.02, subsec. A, as amended. Ong further counterclaimed for the return to him of the $1,100 paid by him as rent for November and December pursuant to the lease, and also for the return to him of $1,650 paid as advance rent for the last three months of the lease.

In his order the trial judge noted the following additional facts:

"At the time of argument both parties conceded that all facts are pleaded and that this is a matter of law. It was conceded that the defendant is still using the No. 6 license. The defendant stated without controversy that the defendant is entitled to a restaurant license but that he cannot hold both a No. 6 license under the present agreement and a restaurant license, at least the Superintendent has so informed him, and that the Superintendent will not permit the defendant to apply for a restaurant license until the legal

issues relative to the No. 6 license in question have been resolved favorably to the defendant by a court."

Upon a motion for judgment on the pleadings, judgment was entered for Abbott, and Ong's counterclaim was dismissed with prejudice. This appeal followed. The essential portion of the judgment appealed from is as follows:

"3. That that certain lease executed by the parties on the 26th day of September, 1958 is declared to be lawful and binding."

The purpose of the amendments to Title 4, Chapter 2, A.R.S. was to end a system of liquor license leasing which the legislature determined was detrimental to the best interests of the state. The validity of the system of leasing liquor licenses under Title 4, Chapter 2, A.R.S. prior to October 31, 1961 was recognized by this court in Clark v. Tinnin, 81 Ariz. 259, 304 P.2d 947. The constitutionality of the amendments to Title 4, Chapter 2, A.R.S. was upheld in Hooper v. Duncan, 95 Ariz. 305, 389 P.2d 706. In Black v. Siler, 96 Ariz. 102, 392 P.2d 572, we held that neither of two persons who claimed to be the landlord had any rights in a leased license, as against a lessee-tenant who had obtained his own license. The case now before us raises the new problem of the rights of the landlord and of the tenant, during the interim period between the effective date of A.R.S. § 4–203, subsec. E, as amended, (Oct. 31, 1961) and the final cut off date as therein provided (Dec. 31, 1963).

The present case is governed by the peculiar fact that appellant Ong, in fact, operated under the license leased from Abbott until the lease expired. In an action to which the Superintendent is not a party, we cannot determine if he was justified in refusing to issue a restaurant license to Ong under the terms of A.R.S. § 4–205.02, subsec. A, as amended. If Ong had secured his own license, or brought an action against the Superintendent to compel the issuance of a license to him, and then terminated the lease from Abbott, the contentions which he makes here might well be applicable. But so long as he was actually operating under the Abbott lease, and secured the benefits of it, he was liable for the rent reserved in that lease. The right of the tenant to continue operation under a lease until its expiration, or until December 31, 1963, under A.R.S. § 4–203, subsec. E, as amended, is clear no matter what his rights of cancellation may have been. Since we are disposing of the case on this ground, it is unnecessary to consider the appellant's assignments of error in detail.

Judgment affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, J., concur.