NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

MARCO OSORIO, individually, and the Arizona
Conference of Police and Sheriffs, *Plaintiffs/Appellant*s,

*v.*

WENDY ROSS, in her official capacity as Director of Human Resources
and Risk Management of the Yavapai County Sheriff's Office and Scott
Mascher, in his official capacity as the Sheriff of Yavapai County,
*Defendants/Appellees.*

No. 1 CA-CV 20-0543
FILED 7-8-2021

Appeal from the Superior Court in Yavapai County
No.  V1300CV201980190
The Honorable Thomas K. Kelly, Judge *Pro Tempore*

**AFFIRMED IN PART, VACATED IN PART, REMANDED**

COUNSEL

Steven J. Serbalik, Scottsdale
*Counsel for Plaintiffs/Appellants*

Jones Skelton & Hochuli PLC, Phoenix
By Michele Molinario, Ravi V. Patel, Joseph E. Leverence,  Justin M.
Ackerman
*Counsel for Defendants/Appellees*

_____

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

_____

**B R O W N**, Judge:

¶1 Plaintiffs Marco Osorio ("Osorio") and the Arizona Conference of Police and Sheriffs ("AZCOPS") appeal the superior court's judgment on the pleadings dismissing their complaint for declaratory and injunctive relief arising from Osorio's employment termination. We affirm in part, vacate in part, and remand for further proceedings.

**BACKGROUND**

¶2 "In reviewing a judgment on the pleadings, we treat the allegations of the complaint as true, but conclusions of law are not admitted." *Giles v. Hill Lewis Marce*, 195 Ariz. 358, 359, ¶ 2 (App. 1999).

¶3 Osorio worked as a deputy sheriff for the Yavapai County Sheriff's Office ("YCSO"). After a work-related injury, YCSO placed Osorio on light duty. Around the same time, Osorio requested time off from work, which Lt. Boelts approved. While Osorio was still on light duty, Lt. Raiss asked for verification of Osorio's medical appointments, the location of his physical therapist's office, and private medical information. During one of Osorio's physical therapy appointments, he saw Lt. Raiss parked outside of the office. On other occasions, Lt. Raiss was parked outside "Osorio's house to determine whether [he] was actually injured."

¶4 Osorio complained to YCSO Human Resources, stating "he felt uncomfortable with Lt. Raiss parking outside of his appointments and his house." Lt. Raiss then asked to meet with Osorio, who replied he was not comfortable meeting without a union representative present. Lt. Raiss then told Capt. Martin that Osorio was being insubordinate, so Capt. Martin instructed "Osorio to log into his work computer, resign, and go home." When Osorio refused to resign, Capt. Martin told him he was being terminated. After meeting with a YCSO Human Resources officer, Osorio was told he was not terminated, but had to meet with Capt. Martin the next day. Capt. Martin gave Osorio a notice stating he was being placed on administrative leave and was under investigation for insubordination.

¶5         Because Osorio did not receive any communication that his previously-approved leave time was canceled, he went on vacation for several weeks as planned.  During that time, the investigator assigned to Osorio's case contacted Osorio about setting up a meeting.  Osorio responded that he could meet when he returned from his scheduled time off.  Soon after, Yavapai County Sheriff Scott Mascher gave Osorio a notice of termination.

¶6         Osorio went to the YCSO Human Resources office to discuss the notice of termination, but because no one was available at the time, he followed up with an email expressing his intent to appeal the termination.  His email was forwarded to Wendy Ross, the Yavapai County Director of Human Resources.  Ross responded to Osorio, stating he had voluntarily resigned and would not be able to appeal because he had abandoned his job.

¶7         Plaintiffs sued Ross and Sheriff Mascher (collectively "Defendants"), alleging Defendants "refuse to reinstate" Osorio "or allow him to appeal his termination."  Plaintiffs asked the court to declare that Osorio "did not abandon his job" and that Defendants must "obey the YCSO policies and procedures and the Arizona Peace Officer Bill of Rights" ("POBR").  In their answer, Defendants admitted Osorio "was not entitled to appeal his voluntary termination due to job abandonment."  Defendants then moved for judgment on the pleadings under Arizona Rule of Civil Procedure ("Rule") 12(c).  After oral argument, the court granted the motion.  As to AZCOPS, the court found that the organization did not show a particularized injury sufficient to establish standing.  As to Osorio, the court found his claim was barred by A.R.S. § 23-1501 and that he did not state a claim for declaratory or injunctive relief.  Plaintiffs timely appealed.

## DISCUSSION

¶8         "A motion for judgment on the pleadings . . . tests the sufficiency of the complaint, and judgment should be entered for the defendant if the complaint fails to state a claim for relief."  *Giles*, 195 Ariz. at 359, ¶ 2.  We assess the sufficiency of plaintiff's claim under Rule 8(a), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 6 (2008).  "Arizona follows a notice pleading standard, the purpose of which is to 'give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved.'"  *Id.* (citation omitted).  We review de novo the superior court's

legal determinations and will affirm if correct for any reason. *Muscat by Berman v. Creative Innervisions LLC*, 244 Ariz. 194, 197, ¶ 7 (App. 2017).

### A.   AZCOPS

**¶9**          Plaintiffs argue the superior court erred in finding AZCOPS did not have standing to bring this claim. They contend the superior court failed to view the complaint as a whole and infer that Osorio is an AZCOPS member. Even assuming he is a member, mere membership is not sufficient to establish that AZCOPS has individual or organizational standing. *See Klein v. Ronstadt*, 149 Ariz. 123, 124 (App. 1986) (To establish individual standing, claimant must demonstrate "a sufficient, concrete interest at stake so that a court may answer the questions presented in relation to those interests."); *see also Home Builders Ass'n of Cent. Ariz. v. Kard*, 219 Ariz. 374, 377, ¶ 10 (App. 2008) (to prove organizational standing, a party must show the organization "has a legitimate interest in an actual controversy involving its members"). As Plaintiffs made no such allegations, we affirm the superior court's ruling as to AZCOPS.

### B.   Exhaustion of Administrative Remedies

**¶10**          Defendants argue Osorio failed to allege he exhausted his administrative remedies. Generally, if a party can seek recourse from an administrative agency, the party must follow the statutory procedures. *Hamilton v. State*, 186 Ariz. 590, 593 (App. 1996) (citation omitted). If the party fails to utilize all administrative remedies, the superior court lacks jurisdiction to consider the claim. *Id*. The exhaustion doctrine is not applied, however, when "invoking the available administrative procedures would be futile or useless." *See Zeigler v. Kirschner*, 162 Ariz. 77, 85–86 (App. 1989); *see also Ariz. Ass'n of Providers for Persons with Disabilities v. State*, 223 Ariz. 6, 14, ¶ 21 (App. 2009). Here, the superior court declined to address whether Osorio exhausted his remedies, finding the inquiry was not relevant to the issues before the court.

**¶11**          Yavapai County has a County Merit System Commission ("Commission"), under which county employees may appeal adverse employment actions, including terminations. *See* Yavapai County Human Resources Policies and Procedures ("Yavapai Policy") § 3.09(I)(A).[1]   A

---

[1]     *See* A.R.S. §§ 11-351 through 11-356 (establishing a county's authority to create an administrative commission to hear employment appeals). Because the Yavapai Policy is a public record, it is not outside the

county employee desiring to appeal a disciplinary action must file a written notice of appeal with the county's "Human Resources Director." Yavapai Policy § 3.09(III)(A)(1)–(2). This notice must include the basis of the appeal, a summary of the relevant facts, the precise relief sought, and the complainant's contact information. *Id.* The Human Resources Director will determine whether the employee has a right to appeal and if so, then will coordinate a Commission hearing. *Id.*

¶12 Generally, a merit system commission does not have jurisdiction to hear appeals from voluntary resignations. *Ariz. Dep't. of Econ. Sec. v. Redlon*, 215 Ariz. 13, 16, ¶ 7 (App. 2007). However, it does have "discretion to determine whether an employee's separation from employment was the result of a resignation or a dismissal, and thus has the power to determine its own jurisdiction." *Id.* at 17, ¶ 7. Defendants argue that unlike the plaintiff in *Redlon*, Osorio failed to allege he actually tried to appeal his termination or otherwise seek review by the Commission. Defendants assert Osorio's email to YCSO human resources—the one forwarded to Ross—does not follow the formal requirements for an appeal under the Yavapai Policy. In Defendants' view, Ross's response to the email only reflected her informal opinion that Osorio would be unable to appeal his termination and was not an actual denial.

¶13 In his complaint, Osorio alleged:

> Ms. Ross responded to Plaintiff Osorio stating that he had voluntarily resigned from his position by abandoning his job and being away for more than three consecutive days while under investigation . . . . Because Plaintiff Osorio allegedly abandoned his job, Plaintiff Osorio was denied his right to appeal his termination.
>
> . . . .
>
> Plaintiff Osorio attempted to resolve this issue through informal conversation, but Defendants refuse to reinstate Plaintiff Osorio or allow him to appeal his termination.

Defendants argue Osorio's allegations—that they denied and continue to deny him his right to appeal—are legal conclusions we must disregard. We disagree. A complaint is only required to "give the opponent fair notice of

---

pleadings and may be properly considered in addressing the motion for judgment on the pleadings. *Cf. Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012).

the nature and basis of the claim and indicate generally the type of litigation involved." *Cullen*, 218 Ariz. at 419, ¶ 6. Osorio's assertions are at least mixed allegations of fact and law. Moreover, in their answer Defendants expressly denied that Osorio "was on approved vacation or that he had the right to appeal his resignation." Because Defendants made clear they would deny any appeal Osorio would file, submitting a formal notice of appeal would have been futile. *See Zeigler*, 162 Ariz. at 85–86. Thus, we reject Defendants' argument that the superior court lacks jurisdiction over Osorio's claims.

### C. Declaratory Relief

¶14 The superior court held that Osorio did not state a claim for relief on which declaratory relief could be granted. The specific "declaratory" relief Osorio sought in his complaint was an order that "Plaintiff Osorio did not abandon his job and at no point voluntarily resigned, thereby reinstating him as a Deputy for the Yavapai County Sheriff's Office." The court reasoned the relief requested falls outside the scope of the Arizona's Uniform Declaratory Judgments Act ("AUDJA"). Osorio contends it is within the court's authority to declare Osorio reinstated, or at least to determine whether he is entitled to an appeal before the commission.

¶15 Under the AUDJA, a person "whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity . . . and obtain a declaration of rights, status, or other legal relations thereunder." A.R.S. § 12-1832. An employment relationship is contractual in nature. A.R.S. § 23-1501(A)(1). To be entitled to declaratory judgment, "the complaint must set forth sufficient facts to establish that there is a justiciable controversy." *Planned Parenthood Ctr. of Tucson, Inc. v. Marks*, 17 Ariz. App. 308, 310 (1972). Declaratory relief "simply declares the rights of the parties or expresses the opinion of the court on a question of law, without ordering anything to be done." *Black v. Siler*, 96 Ariz. 102, 105 (1964). Such relief "does not seek execution or performance from the defendant or opposing party." *Id.* Because Osorio's request for reinstatement would require performance by the Defendants, we agree with the superior court that it falls outside the scope of the AUDJA.

¶16 However, Osorio's request for declaratory relief relating to his right to appeal, though lacking clarity, sufficiently alleged he was denied the right to appeal his termination. Defendants counter that he was not denied the right to appeal because he never actually pursued it, and

Ross merely expressed an informal opinion that Osorio would be unable to appeal his termination. Defendants' position, however, conflicts with the following portion of their answer to the complaint:

> [Defendants] admit that Ms. Ross responded to Plaintiff Osorio stating that he had voluntarily resigned from his position by abandoning his job and being away for more than three days while under investigation. Defendants *deny* that Plaintiff Osorio was on approved vacation *or that he had a right to appeal his resignation*.
>
> . . . .
>
> *Defendants admit only that Plaintiff was not entitled to appeal his voluntary termination due to job abandonment.*

(Emphasis added.) The pleadings confirm a dispute exists on whether Osorio was entitled to an appeal given Ross's determination that Osorio voluntarily abandoned his job. The superior court has the authority under the AUDJA to resolve that narrow dispute in this case. *See* A.R.S. § 12-1832 (person whose rights are affected by a contract may seek a declaration of such rights); *see also* A.R.S. § 12-1842 (explaining that the AUDJA "is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered"). On remand, the court shall conduct further proceedings as it deems appropriate to resolve whether Osorio was entitled to appeal his termination. If Osorio is successful, then the Commission decides whether his termination was voluntary. *See Redlon*, 215 Ariz. at 16, ¶ 7.

### D. Injunctive Relief

¶17 The superior court also found that Osorio did not state a claim upon which injunctive relief could be granted. Osorio asserts the finding was error because issuing a mandatory injunction falls within the court's authority and it is an appropriate remedy because Defendants blocked his right to appeal. We review the superior court's denial of an injunction for abuse of discretion. *Cochise Cnty. v. Faria,* 221 Ariz. 619, 621, ¶ 6 (App. 2009).

¶18 Construing Osorio's reinstatement claim as a request for injunctive relief, we agree with the superior court that ordering such relief would have been improper. As previously explained, the Commission, not the court, should be the first to address whether Osorio was wrongfully terminated. See *supra*, ¶ 16. Additionally, Osorio's request that Defendants

be ordered to, "at all times, obey the YCSO policies and procedure and the [POBR]," amounts to little more than a broad demand to obey the law. *See NLRB v. Express Pub. Co.*, 312 U.S. 426, 435–36 (1941); *West Valley View, Inc. v. Maricopa Cnty. Sheriff's Office*, 216 Ariz. 225, 228, ¶ 11 (App. 2007) (observing that "courts are generally hesitant to order a defendant to obey a law in the future").

**¶19**        If Osorio is successful on his claim for declaratory judgment and Defendants continue to deny him access to an appeal, we express no opinion as to whether Osorio may then be entitled to injunctive relief based on his original complaint or whether he may properly seek other remedies to compel processing of his appeal to the Commission. *See, e.g., Stagecoach Trails MHC, L.L.C. v. City of Benson*, 231 Ariz. 366, 370, ¶ 19 (2013) (explaining that "[a]n action is in the nature of mandamus if it seeks to compel a public official to perform a non-discretionary duty imposed by law"); *Arizonans for Second Chances, Rehab., & Pub. Safety v. Hobbs*, 249 Ariz. 396, 404, ¶ 16 (2020) (rules of special action provide means to request mandamus relief); *see also* Ariz. R.P. Spec. Act. 1(a) ("Relief previously obtained against a body, officer, or person by writs of certiorari, mandamus, or prohibition in the trial or appellate courts *shall* be obtained in an action under this Rule . . . ." (emphasis added)).

### E.        Statutory Considerations

**¶20**        Osorio argues the court erred in finding his claims are barred by A.R.S. § 23-1501 and should have applied the POBR. We review the superior court's interpretation and application of statutes de novo. *First Fin. Bank, N.A. v. Claassen*, 238 Ariz. 160, 162, ¶ 8 (App. 2015).

**¶21**        Section 23-1501(A)(3) outlines the grounds upon which an employee may bring a wrongful termination claim and limits the employee's potential remedies under this theory. Given this case's current posture, those remedies are not pertinent; therefore, to the extent the court found that § 23-1501 bars Osorio from seeking a declaratory judgment on his right to appeal to the Commission, the court erred. We express no opinion as to the merits of Osorio's claim that he was wrongfully terminated in violation of the POBR. If on remand the court finds that

Osorio is entitled to pursue an appeal, the Commission should decide issues involving the POBR.[2]

**CONCLUSION**

**¶22** We remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[2] In his reply brief, Osorio argues that "YCSO did not provide him with information regarding his right to appeal." Defendants filed a motion to strike this argument, asserting that "this theory of liability was never pled by Osorio in his Complaint, never raised by Osorio in any pleading below, and never raised as an issue on appeal in his Opening Brief." Because we need not address this issue to resolve this appeal, we deny the motion as moot.